[S. F. No. 2565. In Bank.—February 14, 1902.]

HARRISON BARTO, Appellant, v. BOARD OF SUPER-VISORS OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

SUPERVISORS—CONTRACT FOR PRINTED FORMS AND BLANKS—LOWEST BIDDER—UNION LABEL REQUIRED—INJUNCTION—VOID CONTRACT.—The board of supervisors are a quasi-judicial body, whose duties are prescribed by statute; and where supervisors of the city and county of San Francisco are required by law to let a contract for printed forms and blanks for the use of the city and county to the lowest responsible bidder, if they should let it to another, the contract would be void, and though a resident taxpayer in such case would not be without remedy, he could not be irreparably injured thereby, and cannot maintain an injunction in advance of the action of the board, to enjoin the supervisors from letting the contract to any other than the lowest responsible bidder, merely because the board had signified its intention to let the contract only to a printing establishment bearing a union label, which the lowest responsible bidder was not entitled to use.

ID.—POLICY OF LAW—INTENTION OF JUDICIAL BODY—INJUNCTION.—It is not the policy of the law to allow a writ of injunction to be invoked upon evidence of the intention of a judicial body in regard to some act which has not been attempted to be performed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

W. B. Kollmyer, for Appellant.

Franklin K. Lane, City Attorney, for Respondents.

THE COURT.—The court below sustained a demurrer to the complaint, and judgment was entered for the defendants. This appeal is from the judgment, for the purpose of reviewing the order sustaining the demurrer.

It appears by the complaint that the plaintiff is a resident taxpayer in the city and county of San Francisco, and that the defendants, other than defendant Phelan, were at all times stated the duly qualified and acting members of the board of supervisors of said city and county; that defendant Phelan is, and was at all said times, the mayor of said city and county, and president of said board; that in pursuance of an order duly made by the said board an advertisement was published, as required by law, calling for sealed proposals for furnishing certain printed forms and blanks, for the use of said city and county; that after said advertisement, and as required therein, there were certain sealed proposals for furnishing the said printed forms and blanks filed with said board, among which was that of The Stanley-Taylor Company, a corporation; that the proposal and bid of The Stanley-Taylor Company complied with the law and the rules and regulations of said board, was accompanied with a proper certified check, and was the lowest bid for the stationery called for in said advertisement; that the charter of said city and county requires all such contracts for supplies to be let to the lowest responsible bidder; that the defendants, as members of the said board of supervisors, and in their official capacity, had, before advertising for said bids, passed an order or resolution that no printing should be let except to printing establishments entitled to use the label of the Allied Printing Trades Council of the city and county of San Francisco, as registered with the secretary of state of California, and that said Stanley-Taylor Company was a non-union office, and not entitled to use said label, and was not a member of said alleged Allied Printing Trades Council; that plaintiff "has been informed and believes, and on such information and belief alleges, that, notwithstanding the premises,

said defendant board of supervisors intends to, and that it will, in pursuance of the recommendation of said committee, unless restrained and enjoined from so doing by this honorable court, refuse to consider the said proposal of said The Stanley-Taylor Company, and will refuse to award to said company the contract for the furnishing of the articles of printed forms and blanks mentioned in paragraph IX of this complaint and specifically set out in said 'Exhibit B,' and at the price set opposite each article in said 'Exhibit B,' respectively, and that it will, on this twenty-fifth day of June, 1900, pass an order awarding contracts for the furnishing of said articles to others of said persons, firms, and corporations who put in proposals as aforesaid than said The Stanley-Taylor Company, thereby causing great and irreparable loss to said city and county, and to the taxpayers thereof, and to this plaintiff.''

Judgment is prayed that defendants be enjoined from awarding the contract for printed forms and blanks to any other person than The Stanley-Taylor Company. We think the demurrer was properly sustained. The board of supervisors are a quasi-judicial body, whose duties are prescribed by statute. If they should let a contract in direct contravention of the charter, and in conflict with the power therein given, such contract would be void, and the plaintiff could not suffer any irreparable injury therefrom. The board has not yet acted. We must presume that it will do its duty, and let the contract in the method prescribed in the charter. In any event, we do not think that it is the policy of the law that the machinery of the courts should be put in motion and the writ of injunction invoked upon evidence as to the intention of a judicial body in regard to some act which has not been attempted to be performed. If the board should not proceed in accordance with' law, and should let a contract contrary thereto, the taxpayer is not without remedy. But he cannot come into court upon the supposition or belief that a public official, elected by the people, and sworn to perform his duty faithfully to the best of his ability, is going to disregard his oath and willfully violate the law.

The above views are fully sustained by the recent case of *McBride* v. *Newlin,* 129 Cal. 36.

The judgment is affirmed.