[Civ. No. 5108.   First Appellate District, Division One.—January 24, 1925.]

## THE ELLIS LANDING & DOCK CO. (a Corporation), Appellant, v. THE CITY OF RICHMOND (a Municipal Corporation) et al., Respondents.

[1] MUNICIPAL CORPORATIONS — VOID LEASE — NONCOMPLIANCE WITH CHARTER—INJURY TO TAXPAYER.—A lease of a certain portion of the waterfront lands of the City of Richmond, executed on behalf of said city by the mayor and clerk alone and not authorized by the city council, as required by the charter of said city, is *ultra vires* and void; and such lease being *ultra vires* and void, and also totally abandoned, a taxpayer of said city can suffer no irreparable injury therefrom.

[2] ID.—THREAT TO PROCEED UNDER VOID LEASE — INJUNCTION — INSUFFICIENT PLEADING.—In an action brought by a taxpayer of said City of Richmond for the purpose of enjoining said city and the purported lessee from proceeding, carrying out, and operating under said void lease, the mere conclusion of the pleader in the complaint that the defendants, and their officers, employees, and agents, and each of them, long after the abandonment of the agreement, come out and threaten to proceed to act under and in pursuance of the terms thereof, without the recital of any facts showing such intention, can add nothing to the complaint showing that the lease is *ultra vires* and void.

[3] ID.—PERFORMANCE OF DUTY — LIMITATION OF POWER — PRESUMPTION—NOTICE.—It is to be presumed that a city council will do its duty and will not attempt to willfully violate the law; and everyone dealing with the municipality is bound to take notice of the limitation of its powers and ascertain whether the power has been exercised in the mode required by law.

[4] ID.—VIOLATION OF DUTY — INJUNCTION — PLEADING.—The writ of injunction may not be invoked upon the mere declaration of the pleader that public officials are about to violate their duty without the recital of some facts justifying such conclusion.

(1) 28 **Cyc.**, p. 664, n. 66.   (2) 31 **Cyc.**, p. 57, n. 33.   (3) 22 **C. J.**, p. 146, n. 51; 28 **Cyc.**, p. 635, n. 44.   (4) 32 **C. J.**, p. 323, n. 72.

2.   See 14 **Cal. Jur.** 260.
4.   See 14 **Cal. Jur.** 264.

APPEAL from a judgment of the Superior Court of Contra Costa County. H. V. Alvarado, Judge. Affirmed.

The facts are stated in the opinion of the court.

Elmer E. Robinson for Appellant.

D. J. Hall, City Attorney, and Preston & Duncan for Respondents.

TYLER, P. J.—This action is one brought by plaintiff as a taxpayer of the City of Richmond for the purpose of enjoining said city from proceeding, carrying out, and operating under a lease that is void because of its execution in excess of the powers of the city and in a manner other than provided by the charter. The court sustained a demurrer to the complaint without leave to amend. This appeal is from the judgment for the purpose of reviewing the order.

The complaint was filed August 7, 1923. It is alleged therein in substance that the City of Richmond was at the commencement of the action and at all times mentioned in the complaint the owner in fee-simple absolute of and in possession of certain real estate situate in the City of Richmond and containing some 1,098 acres of land, which is alleged to be a portion of the waterfront of said city. It is further alleged that the city holds such property under a public trust for the improvement of commercial facilities by the erection of wharves and other commercial conveniences along its waterfront, and the regulation and collection of wharfage and dockage and other income from its use. The complaint, proceeding, charges the City of Richmond, "by the mayor and clerk thereof," and defendant Draughon with having entered into a certain agreement with reference to the property which is wholly void and of no effect as the agreement exceeds the power, jurisdiction, and authority of the City of Richmond and of the council of said city, for the reason that it is *ultra vires* and the said mayor and said clerk had no power, authority, jurisdiction, or right to execute the same, and that the council of said city likewise had no authority, jurisdiction, or right to authorize, direct, or provide for or ordain its execution. It is then alleged that the said Draughon has abandoned

70 Cal. App.—46

said agreement and no longer has or holds any lease upon the property in question, but that the defendants and their officers, employees, and agents, notwithstanding such abandonment, seek to operate thereunder. Then follows an allegation that if the carrying out of said agreement is not restrained the income of said city will be reduced and the taxable burden of plaintiff will be increased to his irreparable injury and damage. The prayer is that the defendants and their agents be enjoined from doing anything under or in pursuance of the agreement and that it be declared wholly null and void and of no effect, and that it be vacated and set aside.

A copy of the agreement referred to in the pleadings is attached to the complaint, and it provides, among other things, that the lessee shall within ten days from its date file with the proper authorities such application as may be legally required to procure all necessary franchises and permits in order to install and operate a ferry service provided for in such agreement; that the lessee shall within six months from the date thereof commence the construction of a ferry slip on the property of a capacity sufficient to accommodate and permit to be docked within the government bulkhead line the ferries provided for in the agreement. Provision is made for the deposit of a certain sum of money by the lessee to insure the faithful performance of the contract and also for the payment of specified rentals to the city for such property, and of a percentage upon all freight carried by said ferry system.

As above stated, a demurrer was interposed to the complaint and sustained, and we think rightfully so, as we are of the opinion that the plaintiff has alleged himself out of court and that only a moot question is raised by the pleadings.

The charter of the City of Richmond provides that all powers therein granted to and vested in the City of Richmond shall be exercised by its council, which shall have the power to fix and establish the method and manner in which such powers shall be exercised. It further provides that no ordinance shall be passed or contract made unless approved and authorized by the council, and that no ordinance shall be passed, no officers appointed or removed, no contract established or awarded, and no obligation incurred in excess

of three hundred dollars, without the affirmative vote of at least five members of the council (sec. 7, art. III, Charter of the City of Richmond, Stats. 1909, p. 1263).

[1] The complaint alleging, as it does, that the contract was executed on behalf of the city by the mayor and clerk alone and not authorized by the council, it is manifest, as stated by respondents, that it is mere waste paper, as its execution was in direct disregard of the mode prescribed for the exercise of the powers of the municipality, which is to be carried out only by the council; and the contract being *ultra vires* and void, and also totally abandoned, the plaintiff as a taxpayer can suffer no irreparable injury therefrom. The mayor as such has no more power than any of the other members of the council, his duties being the same as theirs except that he shall sign all contracts on behalf of the city when properly authorized by the council to do so. [2] The mere conclusion of the pleader in the complaint that the defendants, and their officers, employees, and agents, and each of them, long after the abandonment of the agreement, come out and threaten to proceed to act under and in pursuance of the terms of the attempted agreement without the recital of any facts showing such intention, can add nothing to the complaint. [3] It is to be presumed that the council will do its duty and will not attempt to willfully violate the law. (*McBride* v. *Newlin,* 129 Cal. 36 [61 Pac. 577].) Everyone dealing with the municipality is bound to take notice of the limitation of its powers and ascertain whether the power has been exercised in the mode required by law. In a case where, as here, it appears by affirmative allegations, first, that the council never authorized the lease and that it was abandoned, and, second, that the city was to derive a profit and to incur no obligation from the operations to be carried out thereunder, it is difficult to see how any irreparable damage will result to a taxpayer. [4] It is not the policy of the law to allow a writ of injunction to be invoked upon the mere declaration of a pleader that public officials are about to violate their duty without the recital of some facts justifying such conclusion. (*Barto* v. *Supervisors,* 135 Cal. 496 [67 Pac. 758].)

Something is said in the briefs of the power of the city to execute a lease of the character here attempted, and also

of the right of this particular plaintiff to maintain the action. Considering our conclusion, these questions are unimportant and we are not here concerned with them.

The judgment is affirmed.

Knight, J., and St. Sure, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 24, 1925.

All the Justices concurred.