[Civ. No. 9660.  Second Appellate District, Division Two.—April 20, 1935.]

DR. CHARLES W. DECKER, Appellant, v. THE BOARD OF HEALTH COMMISSIONERS OF THE CITY OF LOS ANGELES, Respondent.

Rex Hardy and Vernon W. Hunt for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Respondent.

CRAIL, J.—This is an appeal from a judgment of the superior court in an action for a writ of review of proceedings of the Board of Health Commissioners of the City of Los Angeles (respondent) as the result of which the respondent removed the petitioner from his office as city health officer. Petitioner contends the removal was without due notice and hearing. A general demurrer to the petition was presented by the respondent. The demurrer was sustained without leave to amend and judgment was thereafter entered denying the petitioner relief.

Petitioner contends it is settled law in this country that an officer can be removed only upon notice and after a hearing where the tenure of his office is during good behavior, citing *Bannerman* v. *Boyle,* 160 Cal. 197 [116 Pac. 732], and petitioner further contends that "The tenure of health officer under the foregoing charter provisions [Freeholders' Charter of City of Los Angeles] *is without definite term* and, hence, may be deemed to be comparable with an appointment 'during good behavior'." The respondent contends, on the contrary, that the tenure of office of petitioner was at the pleasure of the appointing power. This difference between the parties raises the vital question in this case, for the reason that whereas appointments during good behavior cannot be terminated except for cause and in such cases the officer is entitled to notice and an opportunity to be heard; yet on the contrary where appointments are made to hold during the pleasure of the appointing power they may be terminated at any time and without notice. (*Boyd* v. *Pendegast,* 57 Cal. App. 504 [207 Pac. 713].)

The Constitution of our state provides that, when the term of any officer is not declared by law, said officer shall hold his position during the pleasure of the authority making the appointment; with the provision that, as to any officer of any municipality governed under a legally adopted charter, the provisions of such charter with regard to the tenure of office or the dismissal from office of such officer or employee shall control. (Const., art. XX, sec. 16.) In the case of *Sponogle* v. *Curnow*, 136 Cal. 580 [69 Pac. 255], our Supreme Court used the following language, " 'When, therefore, the time of holding is not fixed, the tenure of the office is at the pleasure of the appointing power. This power of removal cannot be divested or taken away, except by limiting the term. A law which provides that an officer may be removed in a certain way, or for a certain cause, does not restrain or limit the power of removal to the cause or manner so indicated. The power to remove is an incident to the power to appoint, as a general proposition, and is made so expressly by the Constitution. The only way in which this power of removal can be limited is by first fixing the duration of time of office, and then providing the mode, if deemed necessary, by which the officer may be removed during the term.' "

The charter of the city of Los Angeles has no provision relative to the tenure of office of the health officer, hence the petitioner held office at the pleasure of the respondent, subject only to the charter limitations as to his removal, if any. If there is any limit upon the power of respondent to remove the petitioner it is contained in the following language of section 79 of the city charter: "The board [Board of Health Commissioners] may issue instructions to the general manager of its department concerning his exercise of any of the powers conferred upon him by this charter. Failure on his part to comply with such instructions, or incompetency, dishonesty, discourtesy, or neglect of duty on his part, as determined by the board of his department, shall constitute adequate grounds for his removal by said board, provided that the person affected shall be given previous written notice of the grounds of the proposed removal and opportunity to be heard by the board." We understand this section to mean that if the officer be removed for any of the grounds specifically desig-

nated therein, then and in that event, he must first be served with a notice setting forth the reasons for his removal and be given an opportunity to be heard. In no place in this section is there any language which indicates that the freeholders intended to take from the appointing power the right to remove the general manager for other reasons without notice or hearing. The charter section merely provides that an officer may be removed in a certain way for certain causes, but as said in the case of *Sponogle* v. *Curnow, supra,* such law in cases where the tenure of the office is at the pleasure of the appointing power ''does not restrain or limit the power of removal to the cause or manner so indicated''. Other grounds as well as those set forth in said section 79 were assigned for the removal of petitioner. As to those he was not entitled to notice of hearing.

Judgment affirmed.

Stephens, P. J., concurred.