[Civ. No. 7317. Third Dist. May 21, 1947.]

HAROLD S. CHILDS, Respondent, v. CITY PLANNING COMMISSION OF SACRAMENTO et al., Defendants and Appellants; THORWALD JENSEN, Intervener and Appellant.

Richard J. Lawrence, Everett M. Glenn and W. P. Dwyer, Jr., for Appellant.

Ralph H. Lewis and Clifford R. Lewis for Respondent.

PEEK, J.—This is an appeal from an order of the trial court granting petitioner a peremptory writ of mandate commanding the appellant planning commission to set aside and vacate a variance permit previously granted by said commission to the intervener and appellant Jensen.

The record discloses that the present controversy had its inception in an application filed with the commission by Jensen on October 4, 1946, wherein he sought a variance permit in order that he might erect and maintain a service station on property owned by him located at the southeast corner of Twelfth Avenue and Franklin Boulevard in the city of Sacramento.

Under the zoning ordinance entitled "Ordinance No. 1000, Fourth Series Zoning Regulations, Land-Use Plan," regularly adopted by the city council of said city on December 14, 1943, said real property came within what is therein termed a "Two-Family District." Jensen's application set forth the location of the property and the use which he desired to make of it. The commission thereupon gave notice to the adjacent property owners in accordance with sections 25 and 26 of said ordinance. On October 10, 1946, after a public hearing, the commission granted Jensen a variance permit in accordance with his application. Several days after the permit had been granted petitioner Childs purchased a lot and dwelling house situated immediately east of and adjacent to the Jensen property. On October 13 and 15, owners of property in the vicinity filed with the city clerk their appeals from the order of the commission under the appropriate sections in the ordinance. On December 7 and 10, their appeals were denied, whereupon Jensen applied for and received a building permit to erect a service station on his property. Childs then filed in the Superior Court of Sacramento County his petition for a writ of mandate praying for an order of said court directing the commission to vacate and set aside the variance permit previously granted to Jensen. Upon issuance by the court of its alternative writ, in accordance with said petition, Jensen filed his complaint in intervention and the respondent commission filed its answer. After a hearing thereon the court, in issuing the writ, made findings of fact generally in favor of the contentions of petitioner and in particular that Jensen's application for a variance permit was not filed as provided in section 22 of the ordinance and contained no statement of the reason why the same should be granted; that no showing was made at the hearing before the commission that said property could not be used profitably for a one or two-family dwelling, or that hardship, special circumstances, or other facts existed upon which the commission could base its

order; that the commission did not act in accordance with the provisions of said ordinance, but solely upon whim and caprice in granting the permit; and that the city council of said city, sitting as an appeal board, acted arbitrarily, wrongfully and capriciously in confirming the action of the commission.

■ The main points raised by appellants are that the findings of fact and judgment of the trial court are not supported by the evidence, and that in light of the whole record there was a total failure of proof that the action of the planning commission was not supported by substantial evidence.

All procedural requirements of said ordinance are found in sections 22, 26 and 27 or the subsections thereof. The pertinent portions of section 22 merely provide that when there are "practical difficulties or unnecessary hardships in the way of carrying out the strict letter" of the ordinance, the commission shall have power to "vary or modify any of the rules, regulations, or provisions" thereof to the end that the "spirit of the ordinance shall be observed, public welfare secured, and substantial justice done." Additionally there is set forth the method of filing an application for a variance, the fee therefor, and the manner in which notice shall be given. No provision is made as regards the contents of the application. Section 25 refers to the number and type of hearings to be held by the commission and the council, while section 26 specifies how notices shall be given by the commission and the council with respect to original proceedings for a variance permit and appeals therefrom. Lastly, section 27 relates to appeals to the city council from an order of the commission.

It is apparent from an examination of the record that Jensen's application described the property affected and stated that a variance permit was requested for the purpose of erecting a "service station," adequately complied with the provisions of the ordinance. And inasmuch as his application met all procedural requirements, and since the meetings of the commission and the council were held and the notices thereof were given in strict conformity with the ordinance, it necessarily follows that the finding of the trial court to the contrary is not supported.

Therefore it becomes necessary to determine whether or not petitioner in assuming the burden of clearly and convincingly showing that the findings of the commission were

irregular or improper under the facts as presented has overcome the presumption in favor of the correctness of the commission's determination. (Code Civ. Proc., § 1963, subd. 15; also see concurring opinion of Mr. Justice Schauer in *Sipper* v. *Urban,* 22 Cal.2d 138, 144 [137 P.2d 425].)

Since zoning ordinances not alone affect unimproved portions of a city but long established business, industrial and residential areas as well, and since conditions in each area may change from time to time, it is obvious that no hard and fast rule could be adopted which would operate equitably in all cases. What may constitute hardship or difficulty in one case may not do so in the next. In other words each application for a variance should be determined upon the facts of that particular case, bearing in mind the admonition contained in section 22-1 that the power given to the commission to vary or modify should be so used that "the spirit of the ordinance shall be observed, public welfare secured, and substantial justice done."

Here the record discloses direct testimony by petitioner merely to the fact that he was the owner of adjacent property; that he made a down payment on his property approximately ten days after the permit was granted; that his first knowledge of the granting of the Jensen permit was the night of the first council meeting which he attended; that when he complained about the erection of the station to the realtors who had sold him his property they agreed to resell it and to waive commissions, but that because of other elements involved he did not accept their offer.

The testimony of Jensen, who was called by petitioner under section 2055 of the Code of Civil Procedure, was limited to his acquisition of the property in question and the date thereof. A further witness for petitioner was excused when it was determined that she had not attended the meeting before the commission.

Mr. Faig, Deputy City Clerk and secretary of the commission, was the only other witness called by petitioner. He testified generally concerning the testimony and the manner in which it was given before the planning commission, and to the introduction of certain exhibits; that all persons both for and against the granting of the permit were allowed to speak; that in 1943, all corners of the intersection of Twelfth Avenue and Franklin Boulevard were designated as retail zones but later changed to their present classification; that

after the testimony was concluded discussion was had by members of the commission and a vote taken, and that a petition was filed by persons who favored the variance.

Petitioner then rested and Jensen moved for a nonsuit, which was denied. Thereupon appellants called two members of the planning commission, its secretary and the intervener. A summation of their testimony shows that the corner immediately north of the Jensen property now is and for a long time has been put to commercial use as a drive-in market, drug store and beauty parlor; that such use is ''non-conforming'' within the provisions of the ordinance; that the third and fourth corners are unimproved and that the owners thereof have not objected to the granting of the variance; that both Franklin Boulevard and Twelfth Avenue are arterial streets within said city; that said streets have been regularly designated as ''truck routes'' by the city council; that Franklin Boulevard and Twelfth Avenue, easterly from said intersection are regularly established bus routes; that the Jensen property is not adapted to the use specified in the ordinance; that because of these existing conditions it is adaptable only for retail use, the prohibition of which would result in economic loss; that there is no service station within several blocks of said intersection; that the intersection is hazardous and that the intended grading of the Jensen property to street level would reduce such hazard; that the service station proposed to be erected would be modern, eye appealing and would not diminish or impair the value of surrounding properties.

The conclusion appears to be inescapable that petitioner has not satisfactorily met the burden cast upon him in challenging affirmatively the action of the commission.

If, as stated in *Otis* v. *City of Los Angeles*, 52 Cal. App.2d 605, 613 [126 P.2d 954], the decision of an administrative board in refusing to grant a variance permit will not be disturbed by the courts in the absence of a clear and convincing showing of an abuse of the discretion vested in such board such conclusion is equally applicable to a situation such as the present where a board has granted a permit, and we so hold. See, also, *Rubin* v. *Board of Directors*, 16 Cal.2d 119 [104 P.2d 1041].

In the absence of the requisite showing that the commission abused its discretion or that its decision is not supported by the evidence introduced at the hearing it necessarily

follows that the trial court erred in substituting its own discretion for that of the commission. (*Otis* v. *City of Los Angeles, supra.*)

The disposition made herein of the present proceeding makes unnecessary the consideration of the other points presented.

The judgment is reversed.

Schottky, J. pro tem., and Thompson, Acting P. J., concurred.

A petition for a rehearing was denied June 20, 1947, and respondent's petition for a hearing by the Supreme Court was denied July 17, 1947.