[Civ. No. 16395. Second Dist., Div. Two. Nov. 18, 1948.]

WILLIAM L. NUNES, Appellant, v. BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Herbert L. Iasigi and Morris Lavine for Appellant.

Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, George William Adams and Alan G. Campbell, Deputy City Attorneys, for Respondents.

McCOMB, J.—This is an appeal from a judgment of the superior court in a certiorari proceeding refusing to annul an order of the respondent board of civil service commissioners which sustained the discharge of appellant from a position in the classified city service.

## Statement of Facts

Prior to June 10, 1946, appellant occupied a position in the classified service of the city of Los Angeles as senior sanitation inspector of the department of health. On June 10, 1946, he was discharged from such position by the health officer of the city. The discharge was effected under section 112 (a) of the city charter[1] (Stats. 1925, p. 1067) by the filing on that date with the respondent board of a written statement of the charges and of the causes therefor, with a certification that appellant could not be found and that a copy of such statement had been served upon him by leaving a copy thereof at his last known place of residence.

Thereafter a hearing upon the charges was conducted before respondent board at which hearing evidence was received, and appellant appeared, testified, and with his counsel cross-examined the witnesses. After the hearing on November 15, 1946, respondent board entered its order that appellant's discharge be sustained.

---

[1]Section 112(a), Stats. 1925, provides in part as follows: ''Any board or officer having the power of appointment of officers, members and employees in any department of the government of the city, shall have the power to remove, discharge or suspend any officer, member or employee of such department; but no person in the classified civil service of the city, . . . shall be removed, discharged or suspended except for cause, which shall be stated in writing by the board or officer having the power to make such removal, discharge or suspension, and filed with the Board of Civil Service Commissioners, with certification that a copy of such statement has been served upon the person so removed, discharged or suspended, personally, or by leaving a copy thereof at his last known place of residence if he cannot be found. Upon such filing such removal, discharge or suspension shall take effect. Within fifteen days after such statement shall have been filed, the said board, upon its own motion, may, or upon written application of the person so removed, discharged or suspended, filed with said board within five days after service upon him of such statement, shall proceed to investigate the grounds for such removal, discharge or suspension. If after such investigation said board finds, in writing, that the grounds stated for such removal, discharge or suspension were insufficient or were not sustained, and also finds in writing that the person removed, discharged or suspended is a fit and suitable person to fill the position from which he was removed, discharged or suspended, said board shall order said person so removed, discharged or suspended to be reinstated or restored to duty. The order of said board with respect to such removal, discharge or suspension, shall be forthwith certified to the appointing board or officer, and shall be final and conclusive; . . .''

QUESTIONS PRESENTED FOR DETERMINATION

■ First: *Did the health officer have authority to discharge appellant?*

This question must be answered in the affirmative. Section 79 (Stats. 1925, p. 1058) of the city charter provides that the board of health commissioners shall appoint a general manager of the department who shall be the chief administrative officer of the department. Under section 151 (Stats. 1925, p. 1079, as amended, Stats. 1937, p. 2860) the health officer of the city is the general manager and chief administrative officer of the health department. Section 80 of the charter (Stats. 1925, p. 1058) provides that the general manager of each department shall have the power, subject to the provisions of the charter, the rules of his department and the instructions of his board, "To appoint, discharge, suspend, or transfer the employees of the department, other than the secretary of the board and the chief accounting employee of the department, and to issue instructions to said employees, other than the secretary and the chief accounting employee, in the line of their duties, all subject to the Civil Service provisions of the charter." Under section 5 of the charter (Stats. 1925, p. 1039) the health officer is an officer of the city who has the power to discharge employees in the health department other than the secretary and the chief accounting employee subject only to the rules of the health department and the instructions of the board of health commissioners.

There is nothing in the record to show that the discharge of appellant by the health officer was contrary to any rules of the health department or to any instructions of the board of health commissioners, but the record does show that the procedure followed was that prescribed by section 112 (a), *supra*. Therefore, appellant's discharge was legally effected on June 10, 1946, subject only to the condition that the board of civil service commissioners might, after a hearing and investigation, order his reinstatement.

Charter section 77 (Stats. 1925, p. 1058), provides: "Whenever in this charter the words 'head of a department' are used, it shall be understood to refer to the board of the department in the case of any department placed under the control and management of a board," is to be read in conjunction with section 112 (a) and section 80 of the city charter, and when thus read there can be no doubt of the power and

authority of the health officer to discharge appellant by following the procedure outlined in section 112 (a).

*Decker* v. *Board of Health Commissioners,* 6 Cal.App.2d 334 [44 P.2d 636], is here inapplicable for the reason that such case merely held that the board of health commissioners had complete power to discharge the health officer. There is nothing therein to support the contention that only the board and not the health officer has power and authority to discharge employees in the health department.

◼ Second: *Was the procedure required by the charter for the discharge of an employee in the classified service of the city regularly followed?*

This question must also be answered in the affirmative. The board of civil service commissioners conducted an open hearing, received sworn testimony, permitted appellant to introduce evidence and to cross-examine the witnesses. Obviously such procedure complied with the requirements of section 112 (a) of the charter. (See also *La Prade* v. *Department of Water & Power,* 27 Cal.2d 47 [162 P.2d 13]; *Steen* v. *Board of Civil Service Commissioners,* 26 Cal.2d 716 [160 P.2d 816].)

◼ Third: *Were the grounds stated for the discharge legally sufficient?*

This question must also be answered in the affirmative. The notice of discharge served on appellant contained the following specifications of misconduct:

(1) Conducting personal business on health department time;

(2) Laxity in performance of duty;

(3) Indulgence in alcoholic drinking while on duty;

(4) Laxity in supervision of employees and taking action that contributed toward misconduct and laxity in duty on the part of subordinates.

It is unnecessary to cite authority in support of the proposition that if sustained by substantial evidence any one of the foregoing grounds would be sufficient reason for discharging a public employee of the health department.

◼ Fourth: *Was respondent board's order supported by substantial evidence?*

This question must likewise be answered in the affirmative. This court must, of course, disregard the evidence which was contrary to that received in support of the findings of the board. (*Nider* v. *City Commission,* 36 Cal.App.2d 14, 20 [97 P.2d 293].)

Viewing the record pursuant to this rule, it discloses:

1. Testimony of the witness, Charles L. Senn, that appellant was seen to go into places of business during working hours and obtain commodities for his own personal use, and that the time so spent amounted to about an hour on each occasion.

2. Testimony that appellant had inspected various restaurants and markets, found unsanitary conditions, and had done nothing to correct them as required by the duties of his office.

3. Mr. Senn testified that he saw appellant seated in a bar, where intoxicating liquors are dispensed, during working hours drinking an amber fluid poured from a liquor bottle, and that he saw him consume two such drinks of fluid. Similar testimony was given by the witness Melvin E. Arscott.

It would serve no useful purpose to recite other testimony in support of the charges preferred against appellant since the foregoing evidence sustains three of the charges against him, and upon any one of them the board might rightfully have sustained appellant's discharge.

In view of the fact that respondent board's order sustaining appellant's discharge was legally made, and the findings upon which it was predicated were sustained by substantial evidence as hereinbefore set forth, such order is conclusive and binding upon this court.

*Croly* v. *City of Sacramento,* 119 Cal. 229 [51 P. 323]; *Stanley-Taylor Co.* v. *Supervisors,* 135 Cal. 486 [67 P. 783]; *Barto* v. *Supervisors,* 135 Cal. 494 [67 P. 758]; *County of Yolo* v. *Joyce,* 156 Cal. 429 [105 P. 125] and numerous other cases cited by appellant are factually distinguishable from the instant case and have no application to the present facts.

The judgment is affirmed.

Moore, P.J., and Wilson, J., concurred.