[Civ. Nos. 14280 and 14292.   First Dist., Div. Two.   July 13, 1950.]

JOHN W. FICKEISEN, Appellant, v. CIVIL SERVICE COMMISSION etc. et al., Respondents.

Carl William Anderson and Cyrus J. McMillan for Appellant.

Louis B. DeMatteis, District Attorney, and Paul A. McCarthy for Respondents.

NOURSE, P. J.—Petitioner was a permanent employee in the classified Civil Service of San Mateo County assigned to the Department of Public Health. He was discharged pursuant to an accusation duly filed and heard by the county civil service commission charging him with misappropriation of county property. On September 16, 1947, he filed two separate actions in the superior court to review the proceedings before the commission and to effect his reinstatement—one in certiorari and one in mandate. On the certiorari action the court entered a judgment directing the commission to amend its findings. This was done, but no further judgment was entered, and in due time petitioner appealed to this court, the appeal numbered 14292. In a subsequent mandate proceeding, which was heard before another trial judge, the court, on January 3, 1949, entered judgment for respondents denying the writ. The appeal from that judgment is numbered 14280. Both appeals are presented on the same briefs pursuant to stipulation.

A separate clerk's transcript was filed in case number 45112 and numbered herein as appeal number 14280. This shows that a petition for a writ of mandate was filed in the superior court February 13, 1948, which, it will be noted, is subsequent to the judgment in the certiorari matter which was entered January 6, 1948. This record shows that this second application for mandate was heard on June 11, 1948, "on the pleadings and proceedings herein" and judgment was entered January 3, 1949. (A reporter's transcript was filed herein showing that on September 30, 1948, some oral testimony was taken.)

In the certiorari matter there was filed a return of the commission containing numerous exhibits received in evidence before the commission. We do not find any portion of the reporter's transcript covering the oral evidence heard by the commission. Since it was incumbent upon the petitioner

—both in mandate and certiorari—to prepare and file in the superior court a transcript of such testimony if he wished to contend that the evidence was insufficient, his failure to do so precludes an attack on the evidence on this appeal. (*McPheeters* v. *Board of Medical Examiners,* 74 Cal.App.2d 46 [168 P.2d 65].) And see *Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790, 794 [136 P.2d 304].

But notwithstanding this condition of the record both parties in their briefs refer to testimony taken before the commission with references to pages and lines of the commission transcript which we must accept as correct quotations or wholly disregard. Since the litigation is of several years' standing we may assume that both parties desire an early decision, and, for that reason alone, we will accept these statements as accurate.

█ So treating the question we find sufficient evidence in the quotations made supporting the finding of the trial court that the findings of the commission were supported by substantial evidence. One of those findings is that a "tray and other materials shown in said respondents' Exhibits A and B were unlawfully removed by appellant from Canyon Sanitarium to his home on King's Mountain on the 30th day of April, 1947, and were county property." The testimony of several witnesses is referred to, identifying the property found at appellant's home as county property which he removed from the county sanitarium. Appellant cites conflicting testimony mainly addressed to the identification and ownership of the property. But this merely creates a conflict. Under such circumstances we are bound to disregard the evidence which was contrary to that received in support of the findings of the board. (*Nunes* v. *Board of Civil Service Commrs.,* 88 Cal.App.2d 632, 636 [199 P.2d 311]), and will resolve all doubts as to the sufficiency of the evidence in favor of the finding. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20].) Two trials of the same issues—one before the examining board and one before the superior court are sufficient to satisfy the highly overburdened doctrine of due process. The parties are not entitled to a retrial of the issues of fact on appeal. This principle has been frequently announced and consistently followed as noted in the Moran case, *supra.*

█ Secondly it is argued that the charge against appellant was a criminal charge and that accordingly he was entitled

to all the presumptions available in a trial of a criminal case. The argument is unsound and has been rejected by competent authority. These proceedings, like those designed for the forfeiture of a professional license, are not controlled by the theories developed in the field of criminal law. (*Webster* v. *Board of Dental Examiners,* 17 Cal.2d 534, 538 [110 P.2d 992]; *Gipner* v. *State Civil Service Com.,* 13 Cal.App.2d 100, 106 [56 P.2d 535].)

It is argued that the commission erred in denying appellant's motion to dismiss the charges made at the conclusion of the evidence produced by the county executive. The statement is made that: ''The first four witnesses called by the County Executive and upon whom his case was rested failed in any degree to establish the truth of any part of the charge.'' The statement is not supported by any reference to the transcript. However, it is conceded that after the denial of the motion other evidence was offered by both parties; hence the attack now made is not different from the earlier attack upon the sufficiency of the evidence. The rule is well settled that in proceedings of this kind conducted by a body of laymen the strict rules of procedure do not apply. (*Webster* v. *Board of Dental Examiners, supra.*)

Then it is argued that the commission acted arbitrarily in permitting private counsel to appear and conduct the proceedings. The argument is based on the theory that, since the county charter requires the district attorney to represent all county officers, it was a breach of discretion to permit the special attorney for the county executive to appear in the proceedings. It is stated that the district attorney, or a deputy, was present but took no part in the proceedings. The purpose of the attack is not apparent and it is not shown that appellant made any objection. It is stated in one of the briefs that the county charter authorizes the civil service commission to make rules of procedure in cases of this kind. This is a widespread power which would include the right to provide special counsel on disciplinary hearings. Appellant has cited no authority holding that it is reversible error to employ special counsel and we must assume, in absence of any showing to the contrary, that the official duty has been regularly performed. (Code Civ. Proc., § 1963, sub. 15.)

But on this record we are not permitted to consider any question touching the provisions of the ordinance or the rules of the commission. Neither party has furnished us with a citation of the provisions of the Charter of San Mateo County,

the ordinance of the board of supervisors establishing a civil service system, nor the rules of such commission covering the trial and removal of a member of the civil service. We may take judicial notice of the county charter (*City of Roseville* v. *Tulley*, 55 Cal.App.2d 601 [131 P.2d 395] ; *Thompson* v. *City of Los Angeles*, 82 Cal.App.2d 45 [185 P.2d 393]) but we may not take judicial notice of a local ordinance (*Stamper* v. *City of Los Angeles*, 80 Cal.App.2d 242, 245 [181 P.2d 687].) Conformably we may not take judicial notice of a rule or resolution of a local board such as the Civil Service Commission.

The opinion of another trial judge in appeal number 14292 is not determinative of any issue in this proceeding. If the trial judge in that case erred in sending the record back to the commission for an amendment of the findings, his error, if it was such, can in no way affect the proceedings in mandamus, neither can his views on the evidence have any bearing upon the judgment in that case. If it were error a reversal of the certiorari matter would be of no avail as the mandamus judgment settles the very same issues and would become final before any new proceedings could be had in certiorari.

Judgments affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for rehearing was denied August 12, 1950, and the following opinion was then rendered:

THE COURT.—In his petition for a rehearing the request is made that petitioner be relieved from his default in failing to request that the transcript of the proceedings before the Civil Service Commission be transmitted to this court as an exhibit under rules 5(e) and 10(b), Rules on Appeal. Though a careful preparation of the appeal would have called for a transmission of this exhibit it is manifest that the failure to present it worked no prejudice to appellant. As we stated in the opinion, we accepted as true all appellant's references to and quotations from such transcript. We did this to save appellant unnecessary expense and delay and he cannot now complain that we should have read more of the transcript than that upon which he expressly relied.

In a case of this kind the reviewing court is not permitted to examine the proceedings before the trial agency as a trial

*de novo.* Our function is to determine whether there is sufficient substantial evidence supporting the findings of the trial court based on the whole record.

Appellant's petition for a hearing by the Supreme Court was denied September 7, 1950.