[Civ. No. 29387. Second Dist., Div. One. Apr. 19, 1966.]

SAMUEL A. MATTISON, Plaintiff and Appellant, v. CITY OF SIGNAL HILL et al., Defendants and Respondents.

Bodle & Fogel, George E. Bodle, Daniel Fogel, Stephen Reinhardt, Lawrence Drasin and Loren R. Rothschild for Plaintiff and Appellant.

Roy J. Brown, Brown, Grisham & Cawyer and Robert L. Porter for Defendants and Respondents.

WOOD, P. J.—Petitioner, who had been discharged from his employment as a fireman with the respondent City of Signal Hill, sought a writ of mandate in the superior court compelling respondents (city, fire chief, city administrator, and civil service commission) to reinstate him in that employment. The court found that there was substantial evidence to support the commission's findings that petitioner had on two occasions wilfully refused to obey orders of his superior officers, and that the proceedings related to petitioner's discharge had been conducted in a fair and regular manner. Petitioner appeals from the judgment denying the writ.

Appellant contends that there is no substantial evidence to support the commission's findings that he had wilfully disobeyed orders of his superior officers on two occasions; that the acts of disobedience were not offenses within the meaning of section 11, subdivision c, of the Rules and Regulations of the Signal Hill Fire Department; and that the proceedings relating to his discharge were not conducted in accordance with said rules and regulations.

Petitioner did not present in the trial court a transcript of the proceedings (two hearings) before the commission. The trial court, however, conducted a hearing on the mandamus petition, and permitted several persons (including petitioner) to testify as to their versions of what had occurred at the commission hearings. The court also received in evidence a tape recording[1] of a portion of the proceedings at one of the hearings. Thus, no transcript of the testimony at the commission hearings was presented to the trial court. ▮ "Since it was incumbent upon the petitioner—both in mandate and certiorari—to prepare and file in the superior court a tran-

---

[1]The tape recorder was the personal property of Mr. Price, the president of the commission. He testified that he had purchased the recorder a few days before the hearing; the hearing was the only commission hearing at which a tape recorder had been used; after the hearing the tape recorder remained in his personal possession; he thought he had wiped the tape clean and recorded music over it; the recorder was kept at his house; and his daughter thought that part of her Spanish lesson was recorded on the back part of the tape.

script of such testimony if he wished to contend that the evidence was insufficient, his failure to do so precludes an attack on the evidence on this appeal." (*Fickeisen* v. *Civil Service Com.*, 98 Cal.App.2d 419, 420-421 [220 P.2d 605]; see *Black* v. *State Personnel Board*, 136 Cal.App.2d 904, 909 [289 P.2d 863].) "It is well settled that in a proceeding of this kind the hearing is a type of de novo trial but that the administrative record must be presented to the court." (*Wisler* v. *California State Board of Accountancy*, 136 Cal.App.2d 79, 84 [288 P.2d 322].)

 The evidence presented in the trial court does include various documents pertaining to the proceedings relating to petitioner's discharge. From those documents, and from undisputed statements of fact in the briefs filed in this court, the events and proceedings relating to petitioner's discharge may be summarized as set forth in the following paragraphs.

From 1960 to 1963 petitioner was a civil service employee (fireman) of the City of Signal Hill. Prior to July 29, 1963, petitioner had, on several occasions, refused to respect the authority of his superior officers in the fire department. On July 29, 1963, the fire chief "posted an Inter-office Memorandum", which provided as follows: "Effective August 1, 1963, all personnel will wear shoes of the following description . . . no buckles, or decorative designs will be allowed."

On August 2, 1963, petitioner appeared for work wearing shoes with buckles. (Petitioner, in his brief, admits that he wore the shoes "with buckles, in violation of the written memorandum.") At approximately 9 a.m. (August 2) the fire chief ordered petitioner to leave work, and to return after he had obtained proper shoes. Petitioner returned to work on August 4 wearing the same shoes, but with the buckles removed therefrom.

On August 12, the chief sent the following memorandum to the city administrator: "At 9:00 AM, August 2, 1963, I relieved Samuel A. Mattison from duty, without pay, for noncompliance with a written order regarding uniform shoes. He returned to duty 8:00 AM, August 4, 1963." A copy of the letter was sent to the civil service commission and a copy was served on petitioner.

Petitioner filed an appeal from his "suspension," and the commission conducted a hearing of the appeal on September 9, 1963. On October 2, 1963, the commission sent a document, signed by the commissioners, to the city council. The docu-

ment, a copy of which was served on petitioner on October 5, provides as follows:

"At the request of Mr. Samuel A. Mattison, Fireman, Signal Hill Fire Department, the Civil Service Commission did convene on September 9, 1963 for the purpose of holding a hearing.

"Mr. Mattison's grievance was based on the loss of one (1) days pay as the result of a disciplinary action. Charge: noncompliance with uniform shoe requirements.

"The Commission heard the statements of Mr. Mattison, Fire Chief Neil Whitney and City Administrative Officer Fred Baxter. The personnel record of Mr. Mattison was also reviewed.

"After a lengthy discussion, the following conclusions were reached:

that Mr. Mattison has refused on other occasions to respect the authority of his superior officers;[2]

that Mr. Mattison was given ample opportunity to comply with the orders given him;

that Mr. Mattison did have the buckles removed from his shoes shortly after disciplinary action was taken and thereby causing the shoes to be acceptable for uniform use.

"Therefore, it is the ruling of the Civil Service Commission that the disciplinary action taken by Fire Chief Neil Whitney be sustained.

"The undersigned of the Civil Service Commission do hereby certify the above decision."

On October 14, 1963, petitioner went to see the city administrator with reference to the suspension. While waiting in the administrator's office, he was met by the fire chief, who ordered him not to go directly to the administrator, but to proceed through the proper channels for presenting grievances. Petitioner refused to comply with the chief's order, and, on the next day (October 15), the chief served a document on petitioner (and sent a copy thereof to the city administrator). The document, which is in the form of a letter

---

[2]The court found that the commission considered petitioner's previous violations of orders of his superiors, as shown in his personnel record, only as such violations would bear on the reasonableness of the discipline administered to petitioner for violation of the present orders. The court also found that petitioner had ample opportunity at the hearings to rebut the evidence of the previous violations but "he neither denied the truthfulness of such evidence nor took advantage of the opportunity given him to present any evidence in mitigation thereof."

to petitioner, and which is signed by the chief, provides as follows:

"You are hereby terminated from the Signal Hill Fire Department, as of 4:00 PM, October 15, 1963.

"You are charged with direct and intentional refusal to obey an order of an officer of this department on October 14, 1963, at which time, you did by-pass the chain-of-command by going to the city administrator without permission of the fire chief. (Signal Hill Fire Department, Rules and Regulations, Section 11, Article (c)).

"This constitutes the second offense of the same rule."

On October 17, 1963, petitioner filed an appeal with the civil service commission from the termination of October 15. The commission conducted a hearing of the appeal on December 9, 1963; and, on January 14, 1964, sent the following document, which is signed by the commissioners, to the city council:

"We the Signal Hill Civil Service Commission, do sustain the action of Chief Whitney, as stated in his letter of October 15, 1963, with the following recommendations:

1. that Mr. Samuel A. Mattison did violate Section 11, Article c, of the Fire Department Rules and Regulations as charged in the dismissal letter of October 15, 1963;

2. that this violation did constitute the second offense of the same charge;

3. it is our recommendation that Mr. Samuel A. Mattison be given one (1) months severance pay by reason of the long duration of his hearings; approximately three (3) months."

On February 27, 1964, the city council voted to ratify the decision of the commission (as set forth in the commission's letter of October 15), and voted to overrule the commission's recommendation (in the letter) that petitioner be given one-month's severance pay.

Petitioner then filed (on April 22) the herein petition for a writ of mandamus.

Appellant first contends that there is no substantial evidence to support the commission's findings that he wilfully disobeyed orders of his superior officers on two occasions.

As above stated, petitioner, although it was incumbent upon him to do so, did not present in the trial court a transcript of the proceedings before the commission. Apparently he was represented at one of the hearings by the president of the Los Angeles County Fire Fighters Association (Mr. Hyde). The record does not show whether petitioner or Mr. Hyde re-

quested that the proceedings be transcribed. It appears that a secretary employed by the commission recorded "minutes" at the hearings, but petitioner did not present the minutes in the trial court. To establish what did occur at the hearings, petitioner presented (in the trial court) testimony by Mr. Hyde, a spectator (Mr. George, a fireman), and himself, as to their versions of what occurred.[3]

The substance of petitioner's testimony at the trial was as follows: At the first hearing he told the commissioners that the chief did not follow the proper procedure in suspending him; he (petitioner) only had a few days' notice to comply with the shoe order; he wears a size $10\frac{1}{2}$A shoe, which is a narrow width and difficult to find in the stores; the chief would not tell him where he could find the proper shoes; he left the hearing before it was over; the chief testified before he (petitioner) left the hearing, but he could not recall what the chief had said other than that it was "sort of a general denial"; no one else testified while he was there (the city administrator apparently testified after he had left); and a lady wrote down what happened at the hearing. He also testified that at the second hearing Mr. Hyde gave most of the testimony.

Mr. Hyde testified in substance that he "did most of the testimony and most of the argument" at the second hearing; petitioner's contention at that hearing was that the charges were not properly written, and that the punishment for violating section 11(c) of the fire department regulations was too severe in relation to the punishment for violating other portions of section 11.

Mr. George testified that he heard petitioner say at the first hearing that he (petitioner) had reliable witnesses to testify about the shoes.

Respondent's witnesses at the trial were the chairman of the civil service commission (Mr. Price) and the fire chief (Mr. Whitney), who gave their versions of what had occurred at the two hearings.

As previously stated, it was incumbent upon petitioner to present a transcript of the testimony and proceedings before the commission. (*Fickeisen* v. *Civil Service Com., supra; Black* v. *State Personnel Board, supra; Wisler* v. *California State*

---

[3]Neither Mr. Hyde nor Mr. George testified at the first hearing. According to the commission's findings (letter of October 2), the witnesses at the first hearing were petitioner, the fire chief, and the city administrator. According to Mr. Hyde's testimony at the trial, he (Mr. Hyde) gave most of the testimony at the second hearing, and petitioner made a short statement at the end of that hearing. Mr. George did not testify at the second hearing.

*Board of Accountancy, supra.*) "In proceedings in mandamus to review administrative adjudications, the burden is, of course, on the petitioner to sustain his assignments of error." (2 Cal.Jur.2d, Administrative Law, § 216, p. 355.) " 'The findings and the determination come before the reviewing court with a strong presumption as to their correctness and regularity. Thus, it is presumed, in the absence of evidence establishing . . . the contrary, that the necessary facts to support the determination were ascertained and found, that the agency duly considered the evidence adduced at the administrative hearing, that official duty was regularly performed, and that the agency applied the proper standard or test in reaching its decision.' " (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 330 [253 P.2d 659], citing 2 Cal.Jur.2d, Administrative Law, *supra,* pp. 355-356.) In this respect, "it becomes necessary to determine whether or not petitioner in assuming the burden of clearly and convincingly showing that the findings of the commission were irregular or improper under the facts as presented has overcome the presumption in favor of the correctness of the commission's determination" (*Childs* v. *City Planning Com.,* 79 Cal.App.2d 808, 810-811 [180 P.2d 433] ; see Code Civ. Proc., § 1963, subd. 15) ; and this court will "resolve all doubts as to the sufficiency of the evidence in favor of the finding." (*Fickeisen* v. *Civil Service Com., supra,* p. 421.) On the state of the record presented to this court, petitioner has not met the burden of showing that there is no substantial evidence to support the commission's findings that he wilfully disobeyed orders of his superior officers on two occasions.

 Appellant also contends that neither of the acts of disobedience was an offense within the meaning of section 11, subdivision c, of the Rules and Regulations of the Signal Hill Fire Department. That section[4] provides as follows:

"Members shall not . . . c. Refuse to perform any duty, or to obey any order of an officer or acting officer pertaining to matters of the Department.

"First Offense : 30 calendar days off without pay.

"Second Offense : Dismissal."

The commission found (and the city council ratified the commission's decision) that petitioner had, on two separate

---

[4] A copy of the rules and regulations was introduced in evidence in the trial court.

occasions, disobeyed an order of his superior officers. With reference to the disobedience of the first order (refusal to obey the written order to wear shoes without buckles), petitioner argues that he merely "failed," and did not "refuse," to wear the required shoes; that he was merely charged with "noncompliance" with the shoe order, and was not specifically charged with violation of section 11, subdivision c; and that the written charge was not served upon him within 24 hours after the alleged offense as required by section 10, subdivision K, of the rules and regulations. With reference to the disobedience of the second order, petitioner argues that he was not specifically charged with having violated section 11, subdivision c; and that the order not to see the city administrator was not a proper order.[5]

The commission and the city council determined (and the trial court found) that the offenses were properly charged and were offenses within the meaning of the rules and regulations. As previously stated (*Faulkner* v. *California Toll Bridge Authority, supra*; *Black* v. *State Personnel Board, supra*; *Childs* v. *City Planning Com., supra*; Code Civ. Proc., § 1963, subd. 15, *supra*) the commission's determination comes before the reviewing court with a strong presumption of correctness and regularity and a strong presumption that the commission applied the proper test in reaching its decision. On the state of the record presented to this court it cannot be said, as a matter of law, that the commission erred in determining that the disobediences of the orders were offenses, and that petitioner had been properly charged therewith, within the meaning of the rules and regulations.

Appellant further contends that the proceedings relating to his discharge were not conducted in compliance with certain procedural requirements (relating to the manner in which he was charged, the failure to exactly comply with time limits for setting hearings on the charges and serving copies of the decision on petitioner, etc.) The trial court made several findings with regard to those contentions, finding in substance that although there had been technical noncompliance with some of the procedural rules, such noncompliance had not been prejudicial to petitioner, and that petitioner had been afforded fair

[5] With reference to both offenses, appellant appears to contend, as he did before the commission, that the discipline administered (dismissal) was too severe in view of the offenses charged. As the court found, however, the commission considered petitioner's personnel record as that record had bearing on the discipline to be administered, and the personnel record showed previous disobediences of orders.

hearings of the charges. ██ As said in *Fickeisen* v. *Civil Service Com., supra,* p. 422: ''The rule is well settled that in proceedings of this kind conducted by a body of laymen the strict rules of procedure do not apply.'' There is no merit to appellant's contention that the failure of respondents to strictly comply with some of the procedural rules relating to his discharge should compel a reversal of the judgment herein.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied May 13, 1966, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1966. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.