## CHARLES H. WILLSON *v.* A. H. BRODER.

RECORD OF SUPREME COURT—HOW CORRECTED.—An error in the record of the proceedings of the Supreme Court cannot be attacked collaterally, but should be brought seasonably to the notice of the Court by a direct motion to correct it.

REHEARING IN SUPREME COURT.—A cause cannot be reheard in the Supreme Court on application of counsel, except upon petition filed, and the party applying for the rehearing should include in his petition all the grounds on which the rehearing is claimed, and those not included are deemed waived.

APPLICATION for rehearing in the Supreme Court.

This case is reported in the 10th of Cal. 486.    Willson, the plaintiff, recovered judgment in the Court below, and defendant appealed.    The Supreme Court reversed the judgment. The other facts are stated in the opinion.

Charles H. Willson *v.* A. H. Broder.

*E. W. F. Sloan*, for Appellant.

*A. T. Willson*, for Respondent, cited *Oakley* v. *Aspinwall*, 3 Comstock, 547, and 16 N. Y. 294.

By the Court, SHAFTER, J.

This case was decided by the late Supreme Court, October term, 1858. The remittitur went down November 18, 1858, and the respondent now moves for a rehearing on affidavit. The affidavit states that the case was argued orally at the bar, before Justices Terry and Baldwin, Justice Field not being present. That the opinion in the case was signed only by Justices Baldwin and Field; and that within ten days after the decision, the counsel of the respondent informed Justice Field that he intended to file a petition for rehearing, on the ground that said Justice was not present at the argument; and that counsel thereupon inquired if he, the said Justice, would have any objection to the filing of such petition. That said Justice replied to the question in the negative, but added that the petition, if presented, would be useless. It is admitted that full briefs were filed in the case by the respective parties soon after the argument and before the decision.

From the entries in the case it appears that the respondent filed a petition for rehearing on the 11th November, 1858, and that the rehearing was denied November 13, 1858; and, it further appears, from the minutes, that there was a full Bench present on the day when the case was argued and submitted.

As the case of *Blanc* v. *Bowman et als.* 22 Cal. 23, is, in many respects, similar to this, and as we are satisfied with the correctness of that decision, we shall merely indicate the grounds upon which the question now presented will be denied.

1. It appears of record that the argument was before a full Bench, and the record cannot be attacked collaterally. If the entry was erroneous, the error should have been brought

seasonably to the notice of the Court, on a direct motion to correct it.

2. A cause cannot, unless, perhaps, the Court so order upon its own motion, be reheard, except upon petition, and under the rules of the Court ample provision is made for such applications. When a party makes up his mind to file a petition for rehearing it behooves him to include in it all the grounds of relief then known to him. It would seem from the affidavit filed in support of this motion that the respondent's attorney, when he filed his petition for rehearing on the 11th of November, 1858, was fully advised of all that he now alleges, and that in consequence of a suggestion from Mr. Justice Field he, in the language of the affidavit, " desisted" from inserting in his petition the particular objection upon which this motion is made. The fact that counsel omitted then to make the point which he presents now, can be regarded in no other light than as a definitive waiver of the objection in question, made more emphatic, if possible, by over five years of continuous silence.

Motion for rehearing denied.