[L. A. No. 6372. Department One.—March 25, 1921.]

## J. BOYD, Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation), Respondent.

[1] DISMISSAL OF ACTION—FAILURE TO BRING TO TRIAL WITHIN FIVE YEARS AFTER ANSWER—CODE PROVISION MANDATORY.—The provision of section 583 of the Code of Civil Procedure for the dismissal of actions not brought to trial within five years after answer filed, except where the parties have stipulated in writing that the time may be extended, is mandatory.

[2] ID.—Setting of Trial Date Within Five-year Period—Date of Trial Subsequent to Expiration of Period—Proper Dismissal. An action is properly dismissed under section 583 of the Code of Civil Procedure for failure to bring to trial within five years after answer filed, although the cause is set for trial on plaintiff's motion before the expiration of the five-year period for a date subsequent to the expiration of such period, since the expression "brought to trial" in the section means the commencement of the trial and not the setting of the time of trial.

[3] ID.—Failure to Object to Setting Cause — Absence of Waiver of Right of Dismissal.—The right of a defendant to require a dismissal of an action for failure to bring to trial within five years after answer filed is not waived by the mere failure of the defendant to object to setting the cause for trial for a date subsequent to the expiration of the five-year period.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. O. Graves for Appellant.

W. I. Gilbert for Respondent.

OLNEY, J.—This is an appeal by the plaintiff from a judgment for the defendant based upon an order dismissing the action in accord with the requirements of section 583 of the Code of Civil Procedure, because of failure to bring the action to trial within five years after answer filed. The code section mentioned reads:

"Dismissal of Actions. The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court on its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

[1] The mandatory character of these provisions of the statute is evident, and our decisions have held that such is in fact their character. (*Larkin* v. *Superior Court*, 171 Cal. 719, [Ann. Cas. 1917D, 670, 154 Pac. 841].) In the present case, the action was once set for trial at a time something over a year after issue joined by answer, but the trial date was continued indefinitely by stipulation. Some years later, and a few months before the expiration of the five-year period, the plaintiff moved that the cause be set again for trial, and this was done but for a date after the expiration of the period. Upon the expiration of the period and before the trial date, the defendant moved that the action be dismissed, and the order of dismissal was made.

[2] The contentions of the plaintiff are two. The first is that the cause was "brought to trial" within the meaning of the statute when it was set for trial, although the date set as the actual trial date was later. Counsel's argument is that when the plaintiff applied to have the cause set he had done all that he could do, that the fixing of the date at which it would be tried was wholly in the power of the court and beyond the plaintiff's control, and that the expression "brought to trial" should be taken to mean only that which the plaintiff could control and for which alone, therefore, he should be held responsible. But the meaning of the expression "brought to trial" seems to us too plain to be in doubt. The trial of an action and the setting of it for trial are quite distinct things, and an action is certainly not brought to trial until the trial is commenced. Whether a mere calling of it for trial on the day set for that purpose would be a bringing of it to trial, we need not determine. We need not determine either what would be the situation where a reasonable time before the running of the five years a plaintiff endeavors to have a cause brought to trial but the court refuses to set a date for trial before the time shall have run, although its attention is called to the necessity for so doing. It does not appear in the present case that the situation in this respect was called to the court's attention when the plaintiff's motion to set the cause was heard, and it may well have been that, if it had been, an earlier date would have been fixed. The responsibility for calling to the court's attention the necessity for an early

date for trial was on the plaintiff, and since he did not do so, he must be taken to have acquiesced in the date set.

[3] The second contention of the plaintiff is that the defendant waived the right to require a dismissal of the action by acquiescing in the plaintiff's motion to set the cause. A complete answer is that it does not appear that the defendant did so acquiesce. For all that appears, the defendant may have contested the motion to set or, on the other hand, may not only have acquiesced but have asked for an earlier date which, upon the plaintiff's objection, was refused. Every intendment is in favor of the judgment, and any matter relied on to show error must affirmatively appear. Furthermore, the plaintiff's counsel seem to mean by acquiescence the mere failure of the defendant to object to setting the cause for trial. But such failure alone would neither constitute a consent or agreement to try the case at the time set nor amount to a misleading of the plaintiff. Certainly, without one or the other of these elements there could not be a waiver either direct or by estoppel.

Judgment affirmed.

Shaw, J., and Lawlor, J., concurred.