[Civ. No. 6072. Third Appellate District.—April 18, 1938.]

MANUEL GOVEA, Petitioner, v. SUPERIOR COURT OF MERCED COUNTY, Respondent.

Hjelm & Hjelm for Petitioner.

F. A. Silviera, District Attorney, and A. A. Henderson, Deputy District Attorney, for Respondent.

L. A. MacNichol, as *Amicus Curiae*, on Behalf of Respondent.

PLUMMER, J.—This cause is before us upon the application of the above-named petitioner for a writ of prohibition enjoining and restraining the respondent from proceeding with the trial of a certain action numbered 9685, pending in said court, wherein B. B. Tatum, Ethel Tatum and Darwin Tatum, by his guardian *ad litem,* B. B. Tatum, are plaintiffs, and Manuel Govea is defendant, on the grounds that the defendant's motion in said action to dismiss for want of prosecution should have been granted.

The record shows that the complaint in the action just named was filed on the 9th day of November, 1932; that the defendant's cross-complaint and answer thereto was filed on March 7, 1933. The record also shows that after the be-

ginning of the action just named various orders were made by the trial court, which are not necessary to be set out herein as they do not affect the question to be decided.

It further appears from the pleadings submitted upon this motion that on the 21st day of January, 1938, counsel for the defendant Manuel Govea, appeared in court and moved that the action taken against Govea be dismissed on the ground that said action had not been brought to trial within the period of five years. The motion was argued and submitted to the court, and thereafter, on the 18th day of February, 1938, the trial court made and entered the following order:

"Department 1

February 18, 1938.

Present: Hon. E. N. Rector, Judge
 Myrtle Oliver,
 Deputy Clerk
 Lloyd Dethlefson,
 Reporter.
 Harry Doyle, Bailiff.

B. B. Tatum, et al.,
 Plaintiffs and Cross-defendants,
 vs. No. 9685
Manuel Govea,
 Defendant and Cross-Complainant.

The court files its ruling on motion to dismiss, as follows:

(Title of court and matter)

(Ruling on Motion to Dismiss)

The complaint was filed November 9, 1932. In April of 1937, on plaintiff's memo to set the case for trial it was placed on the calendar for trial on November 5, 1937.

The minutes of the court show that on motion of defendant's counsel on September 21, 1937, and stipulated to by plaintiffs' counsel, the date of trial was continued from November 5th, to November 12, 1937, which latter date was three days over five years after the filing of the complaint. On November 10, 1937, Hon. H. S. Shaffer, of his own motion, according to affidavit of plaintiffs' counsel, because of congestion of the court calendar with jury cases, continued

the trial date of this case from November 12, 1937, to January 21, 1938. I hardly see how defendant could complain of this.

At the hour set for the trial on January 21, 1938, defendant's counsel moved for dismissal of the action on the ground of lack of prosecution, as more than five years had elapsed since the filing of the complaint.

Regardless of the fact that notice of motion to dismiss, was not given, the court is of the opinion that a stipulation of the parties in open court which was entered by the clerk in the minutes of the court, is a sufficient stipulation of the parties in writing under Section 583 C. C. P. for extension of the time of trial beyond the five-year limitation.

The statement by defendant's counsel in a letter-brief that he did not enter into the stipulation for continuance is not sufficient to impeach the minutes nor to prevail against the affidavit of opposing counsel.

For the reasons above stated the motion to dismiss is denied.

Dated: February 19, 1938.

E. N. RECTOR,
Judge of the Superior Court.

Endorsed: Filed this 18 day of Feb. 1938.

P. J. THORNTON, County Clerk.
By CECILIA JOHNSON, Deputy.''

As a part of the petition filed herein the petitioner filed an affidavit stating in substance that no counsel appeared in the court on the 21st day of September, 1937, but that the clerk of the court had been telephoned to by counsel for the defendant requesting that the action against Govea be continued for trial until the 12th day of November, 1937, and that no stipulation in writing was ever entered into continuing the trial of the action until November 12, 1937. The continuance so made postponed the trial of said action to a time three days after the expiration of five years from the date of filing the plaintiff's complaint.

The minute order of the court, as shown by the records thereof, relating to the continuance of the trial of said action from November 5th to November 12th, 1937, is in the words and figures following, to wit:

"Department 11.

September 21, 1937

Present: Hon. Albert F. Ross, Judge.
Myrtle Oliver,
Deputy Clerk.
Lloyd Dethlefson, Reporter.
Geo. W. Egenhoff, Bailiff.

B. B. Tatum, et al.,

Plaintiffs,

vs.

No. 9685

Manuel Govea,

Defendant.

Upon motion of Harold Hjelm, counsel for defendant, and upon stipulation of respective counsel, it is ordered that trial date of above entitled matter be postponed from November 5, 1937, to November 12, 1937, at 10 A. M.''

 The first contention of the petitioner is to the effect that if counsel were actually present in open court and orally stipulated to the continuance of the trial, and the entry thereof was made in the minutes of the court, the provisions of section 583 of the Code of Civil Procedure were not complied with, and that the petitioner's motion to dismiss the case of *Tatum* v. *Govea* should have been granted. To this contention there is a complete answer, first, that if such a stipulation entered in the minutes of the court does not literally comply with the language of section 583, *supra*, it does estop the petitioner from thereafter making a motion to dismiss the cause for want of prosecution under said section; that a party to an action cannot be allowed in such manner to play fast and loose with the court, either proposition of which is a bar to the granting of the petitioner's motion to dismiss; second, the petitioner calls our attention to an affidavit submitted with the motion to the effect that counsel was not personally present in court at the time the trial of the cause was continued from November 9, 1937, to November 12, 1937, and that the minutes of the court are not correct. This, however, furnishes no ground for disturbing the ruling of the trial court denying the motion. If the minutes of the trial court do not speak the absolute truth, the petitioner's remedy is by motion in the trial court for the correction of its minutes. This court has no power to disregard the min-

utes of a trial court, or to consider any affidavit to the effect that the minutes of the trial court are not correct and should be amended. In other words, the minutes of the trial court import absolute verity, and cannot be collaterally attacked or questioned in an appellate court.

In 15 C. J., page 979, we find the following:

"The records of the proceedings of a court of record made and kept pursuant to law constitute the legal evidence of its judgments, orders, and other proceedings. Such records import absolute verity, unless or until they are reversed and set aside, and cannot be attacked within the jurisdiction of the court, nor are they subject to collateral attack."

A large number of cases are cited in the notes supporting the rule just stated.

That the records of a trial court import absolute verity and cannot be questioned upon appeal was decided by the Supreme Court in the case of *People* v. *Judge of the Tenth Judicial District*, 9 Cal. 19. In deciding that case the court used the following language:

"The power to determine every issue between parties, must be placed somewhere. There must be an end of controversies, or the system must fail to accomplish the very object intended. The District Courts are courts of original jurisdiction, of the highest order known to our Constitution. They are courts of grave dignity, and are required to keep a record of all their proceedings; and after they have assumed to do so, can their records be corrected by any other power known to our law? The proceedings are known to these courts because they take place in their presence. Can a jury be called in to decide as to what occurred in the presence of the court? Juries are used as instruments, to determine facts unknown to the courts. But a court does not require the verdict of a jury to inform it of facts occurring in the presence of the court itself. Courts of such extended jurisdiction and grave responsibility as the District Courts must, from the very nature of the case, be trusted as to the fidelity of their own records. It would destroy all confidence in the verity of the records of these courts, were the rule once laid down that their truth could be questioned."

The same rule was affirmed in the case of *Willson* v. *Broder*, 24 Cal. 190. The court there said: "It appears of record that the argument was before a full bench, and the record

cannot be attacked collaterally. If the entry was erroneous, the error should have been brought seasonably to the notice of the court, or a direct motion to correct it.''

Quotations from the opinions in cases decided in other jurisdictions to the same effect appear to us to be unnecessary.

The petitioner's remedy, if any, is first, in the trial court, upon motion for the correction of its minutes. The affidavit of the petitioner cannot be considered.

The writ is denied and the petition dismissed.

Pullen, P. J., and Thompson, J., concurred.