[Civ. No. 4513. Fourth Dist. July 6, 1953.]

ROBERT M. GURST et al., Appellants, v. SAN DIEGO TRANSIT SYSTEM (a Corporation) et al., Respondents.

52

Vernon F. Bennett for Appellants.

Lindley, Lazar & Scales and John H. Barrett for Respondents.

MUSSELL, J.—This appeal involves the propriety of the trial court's dismissal of a personal injury action pursuant to a motion made by the San Diego Transit System on the ground that plaintiffs had failed for more than two years since the action was filed to bring it to trial. The complaint was filed on June 7, 1949, and the judgment of dismissal for want of prosecution was rendered by the trial court on January 21, 1952. Plaintiffs appeal from the judgment of dismissal on the ground that the trial court abused its discretion in dismissing the action.

It is alleged in the complaint that plaintiff Doretha K. Gurst, while riding as a passenger on a bus operated by defendant San Diego Transit System, on January 29, 1949, sustained injuries by reason of the negligence of the defendants. The answer contains a general denial, allegations of contributory negligence and a further defense that the accident referred to in plaintiffs' complaint was solely and proximately caused by the negligence, carelessness and violation of law of the driver of another vehicle upon the public highway at said time and place.

The record shows the following proceedings: The complaint was filed on June 7, 1949, and the answer on June 23, 1949. On that day, with leave of court, defendant transit company filed a cross-complaint against Claude L. Holton, the owner of the automobile involved in the collision. On June 30, 1949, plaintiffs filed a demurrer to the answer of defendant transit system. This demurrer was overruled and on August 10, 1949, cross-defendant Holton filed a cross-complaint for damages against defendant transit system and also an answer to the company's cross-complaint. On August 15, 1949, defendant transit system filed its answer to the Holton cross-complaint and the case was at issue on this date. On March 9, 1950, pursuant to section 1030 of the Code of Civil Pro-

cedure and upon the ground that plaintiffs resided outside of the State of California, defendant transit system filed a notice requiring security for costs. Apparently, on December 10, 1951, plaintiffs deposited the sum of $300 cash as security for costs and a motion of defendant transit system to dismiss the action for failure on the part of plaintiffs to file a cost bond was denied by the trial court. The case was then set for trial on January 21, 1952. On January 3, 1952, defendant transit system filed a motion to dismiss the action on the grounds that plaintiffs had failed for more than two years since the action was filed to bring it to trial and that the said delay in bringing the matter to trial had resulted in prejudice to the rights and interests of the defendant.

This motion was supported by the affidavit of counsel for defendant from which it appears that the case was at issue on August 15, 1949; that no memorandum of setting was filed thereafter by plaintiffs; that the deposition of plaintiff Doretha Gurst was taken on December 5, 1949; that in February, 1950, information was received by defendant that plaintiffs had departed from California and were residing in Arkansas; that on March 9, 1950, a notice requiring security for costs was filed by defendant on the ground that plaintiffs were non-residents; that no further action was taken in the case until March 13, 1951, when a memorandum of setting was filed by cross-defendants (Holtons); that defendant's motion to dismiss the action for failure to give security for costs was denied without prejudice to the defendant's right to file a motion to dismiss the action for want of prosecution upon a showing by the defendant of prejudice resulting from the delay in bringing the action to trial; that several of the witnesses to the accident whose testimony was important were then absent from the jurisdiction; that such absence and the expense necessarily involved to defendant in presenting and preparing the case constituted prejudice to the rights and interests of defendant resulting from plaintiffs' delay in bringing the action to trial.

In opposition to the motion, plaintiff Doretha Gurst filed an affidavit stating that shortly before February, 1950, it became necessary for her, because of lack of funds, to leave San Diego and go to Arkansas to reside temporarily with her husband; that she knew that her case had been placed on the civil active trial list and expected that she would receive word from her attorney with reference to the trial date; that notwithstanding the fact that her attorney wrote her repeatedly

with reference to said case in care of another person, she never received said letters and knew nothing about the progress of said case until November 17, 1951, when she finally received a letter from her attorney.

Counsel for plaintiffs also filed an affidavit in which he stated, among other matters, that he wrote letters to plaintiff Doretha Gurst, at the only address which he had, to advise her of the status of the action but that he received no reply to such letters; that he also wrote letters to various other persons in an attempt to get in touch with plaintiffs; that finally, on November 5, 1951, he wrote a letter to the father-in-law of plaintiff Doretha Gurst and on November 15, 1951, received a telegram from plaintiffs that they would be in San Diego on December 5th; that under the provisions of section 1030 of the Code of Civil Procedure plaintiffs were prevented from proceeding with the trial of said action from March 7, 1950, to December 10, 1951.

It also appears from a supplemental affidavit of counsel for defendant that the trial court, on January 7, 1952, at the hearing on the motion to dismiss, requested counsel to ascertain if there were available in San Diego witnesses to the accident who could testify to substantially the same facts as it was expected the absent witnesses would have related; that affiant conducted an investigation, revealing that seven witnesses were absent; that these vital witnesses were no longer available within the jurisdiction and their absence constituted severe prejudice to the rights of the defendant San Diego Transit System.

The motion to dismiss for want of prosecution was based on the records and files in said action and on said affidavits. The sole question involved on this appeal is whether the trial court abused its discretion in dismissing the action under the facts shown. We conclude that this question must be answered in the negative.

The rule is well settled that the power of a trial court to dismiss an action for failure on the part of the plaintiff to prosecute it with diligence is an inherent power which exists independent of statutory provisions and that the provisions of section 583 of the Code of Civil Procedure and of other related sections must be read in the light of the existence of such inherent power. (*Simonini* v. *Jay Dee Leather Products Co.*, 85 Cal.App.2d 265, 268 [193 P.2d 53]; *Steen* v. *City of Los Angeles*, 31 Cal.2d 542, 546 [190 P.2d 937].)

Section 583 of the Code of Civil Procedure provides that the court may in its discretion dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial. It is also the rule that the action of the trial court in dismissing an action for failure to prosecute diligently should not be disturbed except upon a showing of a clear abuse of discretion and it is incumbent upon the appellant to show that there has been such an abuse. (*Simonini* v. *Jay Dee Leather Co., supra,* 268.)

In *Jepsen* v. *Sherry,* 99 Cal.App.2d 119 [220 P.2d 822], this court held that the two years mentioned in the statute (Code Civ. Proc., §§ 583, 1190) is not an arbitrary limit followed in all cases, but was intended as a general guide in determining whether or not a "want of prosecution" appears and, if so, whether the power should be used in view of the entire situation; that this discretion is one controlled by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving rather than defeating the ends of substantial justice; and that each case must be decided upon its own peculiar features and facts.

In *Hillsdale Builders Supply Co.* v. *Eichler,* 109 Cal.App.2d 117, 118 [240 P.2d 343], it was held that "The cases are uniform in holding that when the trial court dismisses an action under this section (Code Civ. Proc., § 583) the "discretion" mentioned therein is the discretion of that court, and not of a reviewing court. It is equally true that the action of a trial court will not be disturbed except upon a showing of a manifest abuse of discretion." (Citing cases.)

 In the instant case the motion to dismiss for want of prosecution was filed more than two years and six months after the action was commenced and it is apparent that the principal excuse set forth for the delay in bringing the matter to trial was that the plaintiffs left California in February, 1950, and did not return until December 10, 1951. During their absence from California plaintiffs made no effort to keep in touch with or contact their attorney and made no inquiry concerning the status of the case. There is substantial evidence to support the trial court's statement in the memorandum decision that the affidavits filed on behalf of the defendant show without contradiction that said material witnesses for the defendant were available and could have

been produced had the case been reasonably set for trial, but that such witnesses have disappeared and defendant cannot locate them. ■ The duty rested upon the plaintiffs at every stage of the proceedings to use due diligence to expedite the case to a final determination. (*Raggio* v. *Southern Pac. Co.*, 181 Cal. 472, 475 [185 P. 171].) The record shows that plaintiffs did not attempt to bring the case to trial after it was at issue on August 15, 1949. They have failed to show a clear abuse of discretion on the part of the trial court and under the rules stated herein, its action in dismissing the case cannot be here disturbed.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.