[Civ. No. 16547. First Dist., Div. One. Oct. 11, 1955.]

LESTER O. WISLER, SR., Appellant, v. CALIFORNIA STATE BOARD OF ACCOUNTANCY, Respondent.

Robert H. Fouke, Robert A. Wertsch and John Alfred Davis for Appellant.

Edmund G. Brown, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondent.

BRAY, J.—Respondent State Board of Accountancy on July 11, 1950, revoked petitioner's license to practice accountancy, but stayed the order of revocation upon certain conditions, one of which was that he not practice accountancy for a period of six months. He petitioned the superior court for a writ of mandate to review those proceedings. Petitioner appeals from an order granting dismissal of that petition, which order was made on the ground of lack of prosecution.

QUESTION PRESENTED

Did the court abuse its discretion?

RECORD

July 11, 1950, order of State Board of Accountancy revoking license.

July 31, petition for writ of mandate filed.*

From time to time thereafter respondent obtained orders extending its time to answer and made a motion to strike and dismiss the petition, which motion was denied.

February 13, 1951, answer and return filed.

May 11, the attorney general wrote petitioner's counsel calling attention to the fact that the answer was filed "practically three months ago" and inquiring if he intended to set the cause for trial.

May 21, counsel's secretary answered stating that counsel was engaged in a prolonged jury trial in Solano County and that on the completing of that trial, counsel would "endeavor to contact Mr. Wisler to ascertain his wishes concerning this matter" and then would advise of the latter's "intentions and desires."

June 1, the attorney general wrote counsel inquiring "Mr. Wisler's intention in this matter."

June 4, counsel replied to the effect that he had endeavored to locate petitioner but was informed that he had "left for Canada for a prolonged vacation of several months duration, without leaving a specific traveling itinerary . . ." Counsel

---

*Filed pursuant to Government Code, section 11523, and Code of Civil Procedure, section 1094.5. July 31, an alternative writ of mandate was issued staying the effect of the board's order *pendente lite.*

would "endeavor to ascertain where Mr. Wisler may be reached by mail" and would inquire his wishes concerning the setting of the hearing, and would report.

June 12, respondent filed notice of motion to vacate the restraining order.†

October 29, *respon'dent* served and filed memorandum to set cause for trial.

November 20, respondent served and filed notice of intention to take petitioner's deposition. The same day *respondent* served and filed notice of time and place of trial, giving December 27, *1951*, as the trial date.

December 10, subpoena to take petitioner's deposition on December 14, with affidavit of service attached, filed. Nothing appears to have happened of record thereafter until

January 25, *1954*, *respondent* served and filed notice that the hearing of the cause was set for February 8.

February 8, stipulation continuing hearing to February 25.

May 4, respondent filed notice of motion to dismiss petition, to be made May 17.

May 5, petitioner filed notice of motion to furnish copy of transcript to be heard May 12. Motion denied on that day.

June 21, respondent's motion to dismiss was heard on the affidavit of Attorney Wertsch, one of petitioner's counsel, and argument of counsel of both parties. Motion granted.

## DISCRETION OF COURT

Section 583, Code of Civil Procedure, provides that an action may be dismissed for want of prosecution when not brought to trial by plaintiff within two years after complaint filed. ■ It is well settled that the determination of whether the plaintiff has been diligent in the prosecution of an action is in the discretion of the trial court, both as an inherent power and under the provisions of section 583. ■ Its action will not be disturbed on appeal unless there has been an abuse of discretion. (See *Gurst* v. *San Diego Transit System,* 119 Cal.App.2d 51 [258 P.2d 1109].) A study of the record hereinbefore set forth shows definitely that petitioner was not diligent in bringing his petition to hearing. ■ True, the respondent took approximately seven months to file its answer, but the case was at issue February 13, 1951, and petitioner made no effort from that time on to get it heard. All affirmative moves towards setting the case were

---

†The record fails to disclose what happened to this motion. Apparently the restraining order was never vacated.

made by respondent. ▉ "The duty rested on the plaintiffs at every stage of the proceedings to use due diligence to expedite the case to a final determination." (*Gurst* v. *San Diego Transit System, supra,* 119 Cal.App.2d at page 56. See *Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171].) The record indicates that as the operation of the board's order was stayed by the court, petitioner apparently had no desire to bring the matter to a hearing.

Now let us see if the situation as shown by the record is changed at all by the matters set forth in the affidavit of Attorney Wertsch considered by the court on the hearing. This affidavit stated that Attorney Fouke who had handled the matter from its inception was recuperating from an operation and had not been at his office since April 28. Affiant then set forth the entries in the clerk's register of action (hereinbefore set forth). He referred to the fact that the trial set for December 27, *1951,* had not been held because of the illness of the judge to whose department the case had been assigned and the parties therefore had stipulated that the trial be continued to February 4, *1952;* that at the request of the deputy attorney general in charge of the case, who would be involved in another trial for about two months, the case was dropped from the calendar. July 8, *1953,* a deputy attorney general sent Attorney Fouke a letter relative to setting the matter for hearing. The latter suggested a date in the latter part of October. August 18, 1953, there was correspondence between counsel on the subject. Attorney Fouke wrote suggesting a date in November. Affiant found no answer to this letter but there may have been letters or phone calls of which affiant was not aware. The cause was set for January 25, *1954,* and continued by stipulation to February 25. At that time there was some difficulty in getting a department to hear it because the presiding judge thought it ought to be sent to the law and motion department and the judge of that department thought it should go to a trial department. At that time Attorney Fouke and the deputy attorney general agreed that the former should make a motion that the transcript of the proceedings before the board should be given petitioner and it would not be opposed. We find no denial of this alleged agreement. The attorney general states "The only record of the proceedings in the Superior Court are those contained in the clerk's transcript of that Court, which is the only record before this Court on appeal," citing cases to that effect. But Attorney Wertsch's

affidavit is in the clerk's transcript and was considered by the trial court.

We do not see how the affidavit changes the situation substantially as disclosed by the rest of the record. It still shows that the efforts to get the case heard were those of the respondent, and while there was a delay in *1952* due to the attorney general's office, petitioner at no time took the laboring oar in getting the cause heard. It appears from the motion made by petitioner to get a copy of the transcript of the board's proceedings that, in addition to not being anxious to get the cause heard, petitioner felt that he was not required to follow the law in presenting to the trial court the record of the board's proceedings.

Section 11523, Government Code, provides for the filing of the petition for review of the board's action. ''The complete record of the proceedings, or such parts thereof as are designated by the petitioner, shall be prepared by the agency and shall be delivered to petitioner, within 30 days *after a request therefor by him, upon the payment of the expense of preparation and certification thereof.*'' (Emphasis added.) Section 11523 provides that the time for filing the petition for writ of mandate is extended until five days after delivery of the record to the petitioner, where petitioner requests such record within 10 days after the last day on which reconsideration can be ordered. In *Hollywood Turf Club* v. *Daugherty,* 36 Cal.2d 352 [224 P.2d 359], the petitioner seeking review of the administrative board's ruling in that case requested in due time the board to prepare the record. The board notified the petitioner that the record was complete and would be furnished on payment of the specified cost. Approximately 40 days elapsed before the petitioner sent the board the required amount. The petitioner then filed its petition for writ of mandate. In holding that the petition was not timely brought the court said (pp. 355-356) : ''. . . *the time to commence the mandamus proceeding expired five days after . . . it would be reasonably possible to deliver to the commissioner the cost of the record and receive it*; a transaction that should not have required over a month. . . . *Clearly, the one seeking a review thereunder—petitioner—is obligated to pay the cost of the record before he is entitled to it. . . .* 'When the plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing the suit, and he is under no disability or restraint in the performance of such act, he cannot suspend indefinitely the running of the

statute of limitations by a delay in performing such preliminary act, and that if the time within which such act is to be performed is indefinite or not specified, a reasonable time will be allowed therefor, and *the statute will begin to run after the lapse of such reasonable time.' . . . Nor is it important whether the commissioner was injured by the delay.* It is a matter of interpretation of the statute which is clear enough. *Compliance with its time requirements must be met. It is not supposed that they are merely directory.*" (Emphasis added.)

In *Middlebrook* v. *Superior Court,* 21 Cal.2d 579 [134 P.2d 241] (writ of review), it is said (pp. 579-580): "As the person interested in having the action of the inferior tribunal reviewed, it is as much the duty of the petitioner to furnish the record to be reviewed as it is the duty of an appellant to have a transcript before the court." Same rule: *I.X.L. Lime Co.* v. *Superior Court,* 143 Cal. 170, 175-176 [76 P. 973] (writ of review); *Fickeisen* v. *Civil Service Com.,* 98 Cal.App.2d 419, 420-421 [220 P.2d 605] (writ of review and writ of mandate) where Mr. Presiding Justice Nourse said that it was incumbent upon the petitioner in both mandate and certiorari to provide the transcript.

Petitioner at no time during the almost four years that the action was pending made any attempt to comply with section 11523. Even his tardy motion for a copy of the transcript made after respondent had filed its petition for dismissal, was not an attempt to comply with the section. In the first place, it was made far too late, and secondly, it was asking the court to order respondent to supply the record without cost to petitioner, in spite of the requirement of section 11523 that he pay for it.

Petitioner claims that there was uncertainty as to whether the hearing on his petition was to be a trial de novo or a review of the proceedings before the board. There was no ground for such uncertainty. It is well settled that in a proceeding of this kind the hearing is a type of de novo trial but that the administrative record must be presented to the court. (See *Drummey* v. *State Board of Funeral Directors & Embalmers,* 13 Cal.2d 75, 82 [87 P.2d 848]; *Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790 [136 P.2d 304]; *Russell* v. *Miller,* 21 Cal.2d 817, 819 [136 P.2d 318].)

 Both for the reason that petitioner had failed to comply with section 11523 and the fact that petitioner failed to prosecute the action with reasonable diligence, there was

no abuse of discretion by the trial court in dismissing the petition. The fact that on the hearing of the motion to dismiss, one of petitioner's counsel, and the one who had handled the matter, was ill, did not require that the court refuse to dismiss the petition. Attorney Wertsch was one of the attorneys of record, throughout the entire proceeding, and showed himself fully competent to represent petitioner. Moreover, as we have shown, the petition could have been dismissed prior to counsel's illness.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.