[S. F. No. 20053. In Bank. Dec. 30, 1958.]

K. WOLEY, Appellant, v. STANLEY PHILIP TURKUS, Respondent.

Charles O. Morgan, Jr., and George R. Moscone for Respondent.

SHENK, J.—A judgment of dismissal of this action was rendered pursuant to section 583 of the Code of Civil Procedure. The dismissal was ordered on the ground that there had been an inexcusable delay of more than five years in bringing the action to trial. The plaintiff has appealed, contending that under the terms of a written stipulation and the circumstances otherwise appearing the dismissal was not mandatory and that the defendant is estopped to contend otherwise. The defendant contends that the stipulation extended the time only to January 13, 1956; that the plaintiff did not bring the action to trial on or before that date, and that there was no act or omission on the part of the defendant which would prevent him from invoking the mandatory provisions of section 583, the pertinent portions of which read: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . ."

The record shows the following: On December 28, 1950, a complaint was filed in the Superior Court in San Mateo County for a money judgment, based on a 1948 Maryland judgment on a promissory note in the principal sum of $1,302 plus interest. The answer was filed February 6, 1951. On December 9, 1955, the plaintiff filed a memorandum to set and a notice of motion to advance the cause for trial. The supporting affidavit pointed out that the cause of action would be barred by section 583 unless the trial was commenced before December 28, 1955, which would be the expiration of the five-year period. At the hearing on the motion to advance the cause for trial the defendant requested a continuance on the ground that nothing had been done in the case for almost five years and that the 12 days' notice was inadequate for trial preparation. The request was made with the representation by the defendant in open court that the plaintiff was not to be prejudiced by such a continuance. The court had set

December 27, 1955, as the date for the trial and for the hearing on the motion for summary judgment in response to the plaintiff's request to advance the cause for trial before December 28. However, pursuant to the request of the defendant and also pursuant to a written stipulation entered into by the parties the court granted a continuance to January 13, 1956. The stipulation reads as follows:

"Stipulation for continuance of plaintiff's motion for summary judgment, and of trial of action, at defendant's request, beyond five year period prescribed by section 583 of the Code of Civil Procedure.

"The defendant above named having requested the same, it is hereby stipulated and agreed . . . that plaintiff's motion for a summary judgment, and the trial of the above entitled action . . . be continued to the 13th day of January, 1956 . . . the parties hereto expressly waiving further notice of the time and place of the respective hearing of said motion and of said trial and consenting thereto after the elapse of the five year period prescribed by section 583 of the Code of Civil Procedure."

On January 13 both parties were present in court. The defendant thereupon served and filed an affidavit in opposition to the motion for summary judgment. The court heard the motion and ordered that it be submitted pending the receipt of the defendant's amended affidavit. The trial was ordered continued to February 10, without objection by the defendant. On January 23 the defendant served and filed his amended affidavit and additional points and authorities on the motion for summary judgment. On March 6 the plaintiff served her affidavit in replication. On March 26 the court determined that there were triable issues of fact presented and that it could not determine on the motion for summary judgment the truth or falsity of the statements in the defendant's answer and affidavits. The motion for summary judgment was thereupon denied. Notice of the order denying this motion was served on the plaintiff on April 3. In the meantime the action had been removed to the master calendar department to be reset for trial. When the master calendar was called on April 11 the trial date was set for May 25. There were no available departments on May 25 and the matter was continued to June 28.

On May 28 the plaintiff noticed a motion for an order for the issuance of a commission to take an out-of-state deposition.

On June 6 the defendant noticed the present motion to dismiss. It was heard before a judge other than the one who had conducted the former proceedings. In support of the motion the defendant alleged that a written stipulation had been entered into extending the time for trial to January 13, 1956; that the plaintiff did not commence the trial on that date nor at any time thereafter, and that the plaintiff's delay in bringing the cause to trial on January 13 was inexcusable and was not caused by any acts or omissions on the part of the defendant or his attorney. The plaintiff's answering affidavit averred that the defendant and his attorney knew and agreed that the court would first proceed to hear the motion for summary judgment on January 13 before proceeding with the trial and expressly agreed to such order of hearing; that in accordance with this agreement, and independently thereof, the court on that date ordered the motion to proceed; that when the court indicated it was about to grant the motion the defendant asked for an opportunity to present additional defenses by an amended affidavit and additional points and authorities, and that the court granted the defendant's request, giving the plaintiff an opportunity to respond thereto. Both of these motions were noticed for hearing on June 12 and were submitted. The defendant's motion was granted and judgment of dismissal was entered on June 28, 1956. The court concluded that the stipulation of the parties had extended the time to bring the action to trial to the 13th day of January, 1956, and not thereafter, and that it was not brought to trial on January 13, 1956.

The purpose of section 583 is to prevent avoidable delay in bringing an action to trial. (*Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153].) A delay of five years is declared by this statute to be unreasonable as a matter of law. (*Romero* v. *Snyder,* 167 Cal. 216, 220 [138 P. 1002]; *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725, 729 [107 P.2d 494]) and to be sufficient time to complete preliminary matters in bringing the cause to trial.

However, the statute is not designed to arbitrarily close the proceedings at all events in five years. It expressly permits the parties to extend the period without limitation by written stipulation. (*Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 532; *Continental Pacific Lines* v. *Superior Court,* 142 Cal.App.2d 744, 749 [299 P.2d 417].) Exceptions have

been recognized by the courts. ■ One arises where a party is unable from causes beyond his control to bring the case to trial either because of a total lack of jurisdiction in the strict sense on the part of the trial court or because proceeding to trial would be both impracticable and futile. ■ Whether it is impossible, impracticable or futile to proceed to trial must be determined in the light of the circumstances in each case. (*Rose* v. *Knapp*, 38 Cal.2d 114, 117 [237 P.2d 981]; *Pacific Greyhound Lines* v. *Superior Court, supra*, 28 Cal.2d 61, 68; *cf. Wyoming Pacific Oil Co.* v. *Preston*, 50 Cal.2d 736, 740-741 [329 P.2d 489].) The circumstances include not only the terms of the written stipulation but the acts and conduct of the parties and the proceedings themselves.

■ The ordinary rules for the interpretation of contracts apply to stipulations extending time entered into pursuant to section 583. (*Smith* v. *Bear Valley etc. Co.*, 26 Cal.2d 590, 601 [160 P.2d 1]; *Bayle-Lacoste & Co.* v. *Superior Court*, 46 Cal.App.2d 636, 641 [116 P.2d 458]; *Elmhurst Packers* v. *Superior Court*, 46 Cal.App.2d 648, 650 [116 P.2d 487].) The stipulation here involved continued the hearing on the motion for summary judgment and trial to January 13. It specifically called the court's attention to the impending bar of section 583. Thus we do not have the situation presented in *Boyd* v. *Southern Pacific R. R. Co.*, 185 Cal. 344, 346 [197 P. 58] (where the plaintiff orally acquiesced in continuances beyond the statutory period), in *Miller & Lux Inc.* v. *Superior Court*, 192 Cal. 333, 336-337 [219 P. 1006] (where a continuance was granted without objection from the plaintiff), in *Bank of America* v. *Moore & Harrah*, 54 Cal.App.2d 37, 42 [128 P.2d 623] (where the continuance was obtained without the plaintiff's objection), or in *Ravn* v. *Planz*, 37 Cal.App. 735 [174 P. 690] (where the continuance was obtained over the plaintiff's objection). In each of those cases it was pointed out that the court's attention was not called to the necessity for a trial date within the time required by section 583.

■ Here the cause was set for trial within the five year period, and by written stipulation of the parties the trial was postponed and the provisions of section 583 were specifically waived to January 13, 1956. The defendant had represented, in requesting the original continuance, that the plaintiff would not be prejudiced thereby. In the memorandum of points and authorities served and filed on January 13 with the affidavit in opposition to the motion for summary judgment the defendant urged that he "should be entitled to a

day in court." He asked for further time to present additional defenses after the court indicated its intention to rule in the plaintiff's favor, and he was given an opportunity to do so. It was not necessary to again call the court's attention to the stipulation on file in these proceedings. It sufficiently appears that both parties were aware of the necessity for expediting the proceedings in order to avoid the mandatory provisions of section 583 and that their activities were carried on with this necessity in mind. The request of the defendant for additional time, as carried out in the minute order of January 13, which ordered the motion submitted after the receipt of the defendant's amended affidavit, is comparable to the situation in *Govea* v. *Superior Court,* 26 Cal.App.2d 27, 31 [78 P.2d 433]. It was there held that "if ... a stipulation entered in the minutes of the court does not literally comply with the language of section 583, *supra,* it does estop the petitioner from thereafter making a motion to dismiss the cause for want of prosecution under said section; that a party to an action cannot be allowed in such manner to play fast and loose with the court, either proposition of which is a bar to the granting of the petitioner's motion to dismiss."

An insufficient stipulation may be material evidence upon the issue whether it was impossible, impracticable or a futile gesture to bring the action to trial. (*Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61, 67.) Whether the parties agreed that the motion for judgment should first be heard and determined or whether the court determined to hear the motion first, is not important. It sufficiently appears that the plaintiff was prepared to go ahead with either proceeding. The defendant was present under subpoena and there was documentary evidence before the court which would support the allegations of the complaint. It was practicable for the court on January 13 to first hear and determine the motion for summary judgment before proceeding with the trial. The request for a continuance in order to furnish additional facts by affidavit and points and authorities on the motion for summary judgment carried with it the implied request that the entire proceedings be postponed until the additional affidavits had been submitted and the motion for summary judgment determined. This order of proceeding was acquiesced in by both parties. Upon the submission of further affidavits and the denial by the court of the motion for summary judgment, the action was set for trial by the court for May 25. Through no lack of diligence on the part of the plain-

tiff the trial was not commenced on that date but was postponed by the court. It was not until after that date that the defendant sought to have the action dismissed on the ground that the written stipulation had extended the time for trial only to January 13. To grant such a motion under these circumstances would clearly not be within the letter and spirit of section 583. The motion should have been denied on the ground that it was impracticable or futile for the plaintiff to have commenced the trial on January 13, that the defendant's oral request for an extension of time, made in open court and granted, as shown by the minute order of January 13, and his conduct after that date, operated as an estoppel against his contention to the contrary.

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons stated by Mr. Justice Fred B. Wood in the opinion prepared by him for the District Court of Appeal in *Woley* v. *Turkus* (Cal. App.), 328 P.2d 520.