[Civ. No. 23454.   Second Dist., Div. Three.   June 29, 1959.]

STEFFANA PREISS, Appellant, v. GOOD SAMARITAN HOSPITAL (a Corporation), Respondent.

Phi O. Clough for Appellant.

Dryden, Harrington, Horgan & Swartz and Vernon G. Foster for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered pursuant to section 583 of the Code of Civil Procedure for failure to bring the action to trial within five years after it was filed.

The action was filed March 9, 1953. It was not brought to trial. On April 29, 1958, it was dismissed on defendant's motion.

Plaintiff's contention is that on February 17, 1958, the parties stipulated in open court to a continuance beyond the five-year period, that the stipulation was spread on the minutes of the court, and such record constitutes compliance with section 583.

Section 583 in pertinent part provides:

"Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . ."

A declaration of one of defendant's counsel filed in support of the motion to dismiss stated: "That upon February 17th, 1958, the matter was again continued on the request of plaintiff's attorney to July 24th, 1958: that there is no stipulation on file, or otherwise, extending the five year period under

Section 583 to include any date beyond March 9th, 1958, the time when the original five year period did expire." An affidavit of plaintiff's counsel, filed in opposition to the motion, stated that about a week before February 17, 1958, he called the office of the attorneys for defendant and informed "them" he would be unable to try the cause on that date because plaintiff was confined in a hospital with a serious injury and asked if they would agree to a continuance; that counsel stated they would be glad to stipulate to a further continuance and would appear on February 17 "and enter into a stipulation for continuance." The affidavit further stated that on February 17 counsel for plaintiff and counsel for defendant did appear and in open court stipulated that the cause might be continued to the first open date on the court's calendar; that the court stated the first open date was July 24, 1958, to which both he "and counsel for the defendant agreed to continue said case for purpose of trial."

The minute order referred to by plaintiff is dated February 17, 1958, shows that the attorney for defendant was present, and reads: "ON MOTION OF PLAINTIFF CAUSE ORDERED CONTINUED TO July 14, 1958 AT 9 A.M., NOTICE WAIVED."

█ Section 583 is mandatory when applicable. (*Andersen* v. *Superior Court*, 187 Cal. 95, 97 [200 P. 963].) █ *Govea* v. *Superior Court*, 26 Cal.App.2d 27 [78 P.2d 433], holds that a stipulation of the parties in open court which is entered by the clerk in the minutes of the court is a sufficient stipulation of the parties in writing under section 583 for extension of the time of trial beyond the five-year period. In addition to so holding, the court stated (p. 31):

"[I]f such a stipulation entered in the minutes of the court does not literally comply with the language of section 583, *supra*, it does estop the petitioner from thereafter making a motion to dismiss the cause for want of prosecution under said section; that a party to an action cannot be allowed in such manner to play fast and loose with the court, either proposition of which is a bar to the granting of the petitioner's motion to dismiss."

This language was quoted with approval in *Woley* v. *Turkus*, 51 Cal.2d 402, 408 [334 P.2d 12].

In the case at bar no stipulation of the parties was entered by the clerk in the minutes; consequently the Govea case has no application. Other than the claimed minute order, there is no written stipulation in the record that the five-year period be extended. This court has no power to disregard the minutes

of a trial court. ■ In other words, the minutes of the trial court import absolute verity, and cannot be collaterally attacked in a reviewing court. (*People* v. *Judge of the Tenth Judicial Dist.*, 9 Cal. 19, 20; *Willson* v. *Broder*, 24 Cal. 190-192; *In re Connor*, 16 Cal.2d 701, 708 [108 P.2d 10].)

■ Since there was no stipulation of the parties entered by the clerk in the minutes extending the five year period and since there was no other stipulation, plaintiff's contention that defendant stipulated in writing to an extension beyond the five-year period cannot be sustained.

■ Plaintiff also contends defendant is estopped from relying on section 583 by reason of the asserted conduct of its counsel in appearing in court for the purpose of a continuance and that he waived his right to move to dismiss by stipulating to a continuance.

*Hunt* v. *United Artists Studio, Inc.*, 79 Cal.App.2d 619 [180 P.2d 460], says that the appearance of (p. 625) "counsel at the times noticed for the setting of the case beyond the expiration of the five years did not operate to forfeit respondent's right to a dismissal for appellant's failure to bring the cause to trial within the statutory period."

■ "Before estoppel can arise here there must have been a duty to act and a failure to act in accordance with the duty; some act in the nature of prevention." (*Continental Pac. Lines* v. *Superior Court*, 142 Cal.App.2d 744, 754 [299 P.2d 417].) ■ "The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step." (*Oberkotter* v. *Spreckels*, 64 Cal.App. 470, 473 [221 P. 698].)

■ An oral stipulation does not have the effect of extending the five-year period. As said in *Berger* v. *McMahan*, 116 Cal.App.2d 328 (p. 329) [253 P.2d 543]: "Plaintiff first raises the question, 'Do oral stipulations have the effect of stopping the defendant from enforcing section 583, C.C.P.?' The plaintiff has not pointed out the oral stipulations referred to and none are disclosed by the record. However, the code section itself provides for the mandatory dismissal of the

action upon motion either of counsel or the court where such action has not been brought to trial within five years after the plaintiff has filed his action except upon the written stipulation of counsel extending the time or where the defendant has been absent from the state or has been concealed within the state.'' The statute does not provide that the period may be extended by a written stipulation ''or its equivalent.'' (*Bank of America* v. *Moore & Harrah*, 54 Cal.App.2d 37, 43 [128 P.2d 623].)

We cannot say as a matter of law that counsel for defendant stipulated to the continuance and that defendant is thus estopped from making the motion to dismiss, or that defendant waived its right to so move. There is a conflict between the declaration of defendant's counsel and the affidavit of plaintiff's counsel as to whether any oral stipulation had been entered into for a continuance beyond the five-year period. In granting the motion to dismiss, the court impliedly found that no such stipulation had been entered into.

'' 'An appellate court will not disturb the implied findings of fact made by a trial court in support of an order, any more than it will interfere with express findings upon which a final judgment is predicated. When the evidence is conflicting, it will be presumed that the court found every fact necessary to support its order that the evidence would justify. So far as it has passed on the weight of the evidence, its implied findings are conclusive. This rule is equally applicable whether the evidence is oral or documentary.' [Citation.] 'When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and when there is a substantial conflict in the facts stated, the determination of the controverted facts by the trial court will not be disturbed.' '' (*Bailey* v. *County of Los Angeles*, 46 Cal.2d 132, 137 [293 P.2d 449]; *People* v. *Bannister*, 153 Cal.App.2d 480, 484 [314 P.2d 577].)

The determination of whether the plaintiff has been diligent in the prosecution of his action is in the discretion of the trial court. (*Wisler* v. *California State Board of Accountancy*, 136 Cal.App.2d 79, 81 [288 P.2d 322]; *Ojeda* v. *Municipal Court*, 73 Cal.App.2d 226, 231 [166 P.2d 49].) Its determination will not be disturbed on review unless there has been a clear abuse of discretion. (*Gurst* v. *San Diego Transit System*, 119 Cal.App.2d 51, 55 [258 P.2d 1109].)

There was no showing that it was impossible, impractical, or futile to proceed to trial within the five-year period. (See *Woley* v. *Turkus*, 51 Cal.2d 402, 407 [334 P.2d 12].)

Having found that there was no written stipulation to a continuance, it was mandatory for the trial court to grant the motion to dismiss.

Affirmed.

Wood (Parker), J., concurred.

SHINN, P. J.—I concur. Section 583 declares a salutary rule. It is designed to prevent unseemly conflicts between counsel with respect to claimed oral stipulations and it creates a mandatory duty on the part of the court. But if it were an open question I would say that when a defendant's attorney appears in court upon a plaintiff's motion for a continuance, hears the motion made and granted, waives notice of the order of continuance and otherwise remains mum, his conduct, which has been relied upon to the prejudice of his adversary, should estop him and his client from urging a dismissal under section 583.

Appellant's petition for a hearing by the Supreme Court was denied August 26, 1959. McComb, J., did not participate therein.