Filed 12/30/25 Certified for Publication 1/15/26 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| TERESA RANDOLPH, | C102901 |
| Plaintiff and Appellant, | (Super. Ct. No. 19CV01226) |
| v. | |
| TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY et al., | |
| Defendants and Respondents. | |

Plaintiff Teresa Randolph sued her prior employer and several others (collectively, defendants) for claims relating to employment discrimination, whistleblower retaliation, and termination of her employment. The trial court granted defendants' motion to dismiss based on Randolph's failure to bring the action to trial within the five-and-a-half-year statutory deadline under Code of Civil Procedure[1] section 583.310 and Judicial

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

Council emergency rule 10 (Cal. Rules of Court, appen. I, emergency rule 10).  Randolph appeals, asserting the trial court erred because defendants orally stipulated to an extension of the statutory deadline when they did not object to the trial court setting the trial date beyond the deadline.  We disagree and affirm.

BACKGROUND

I

*Legal Background*

The statutory deadline to bring a case to trial is five years.  (§ 583.310.)  Judicial Council emergency rule 10 extended the five-year deadline by six months for cases filed on or before April 6, 2020.  (*Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 246.)  If a case is not brought to trial within the five-year, six-month period, dismissal is mandatory unless a statutory exception applies.  (§ 583.360.)  One such exception is found in section 583.330, which provides that the parties may extend the statutory deadline either by written stipulation or "[b]y oral agreement made in open court, if entered in the minutes of the court or a transcript is made."  Randolph relies on the oral agreement exception in this appeal.

II

*Factual Background*

On April 19, 2019, Randolph sued defendants for a myriad of claims relating to her prior employment at California State University, Chico.  The five-year, six-month statutory deadline for Randolph to bring the case to trial was October 19, 2024.  At the March 27, 2024 case management conference, the trial court set the trial date for February 3, 2025.

On November 1, 2024, defendants filed a motion to dismiss for failure to bring the action to trial by the statutory deadline.  Defendants argued that none of the exceptions to the statutory deadline applied because "Randolph unequivocally has never been ready to bring this matter to trial."  In a declaration filed in support of the motion, defendants'

2

counsel declared, among other things: Randolph and her counsel did not object to setting the trial date for February 2025; Randolph never requested and defendants never agreed to extend the statutory deadline; and Randolph never sought to advance the trial date or otherwise seek relief from the mandatory deadline.

In opposition to the motion to dismiss, Randolph argued that the parties verbally agreed to the February 2025 trial date at the March 2024 case management conference, and defendants' verbal stipulation in that regard "was recorded in the minute order." She argued the parties accordingly made an oral agreement in open court to extend the statutory deadline under section 583.330, subdivision (b) and defendants were precluded from seeking dismissal of the case under section 583.360.

Randolph attached the minute order from the March 2024 case management conference to her counsel's declaration. The minute order notes the parties' appearances and identifies the proceedings as the setting of the jury trial, trial readiness conference, and mandatory settlement conference dates, with counsel waiving notice. The settlement conference was set for December 6, 2024; the trial readiness conference was set for January 30, 2025; and the jury trial was set for February 3, 2025. The minute order contains no further information as to what occurred at the case management conference and no reporter's transcript of that conference has been included in the record on appeal. In his declaration filed in support of the opposition to the motion to dismiss, Randolph's counsel declared that he was present at the March 2024 case management conference and "both parties agreed" to the trial date and defendants' counsel did not object.

In their reply in support of the motion to dismiss, defendants argued that Randolph failed to establish the existence of an oral stipulation under section 583.330, subdivision (b), because the trial court's minutes were silent as to any stipulation made in open court and a defendant's failure to object to a trial date being set after the statutory deadline does not amount to an oral stipulation.

3

The trial court granted the motion to dismiss, dismissed the case with prejudice, and vacated all pending matters on calendar. The trial court noted "all indications are Defendants have been prepared to go to trial since January 2023," and explained Randolph had an obligation to object to the court setting the trial date beyond the statutory deadline. The trial court disagreed with Randolph's assertion that a defendant's failure to object to setting the trial date beyond the statutory deadline alone was sufficient to find an oral stipulation under section 583.330, subdivision (b). Randolph filed a timely notice of appeal in January 2025. Her opening brief was filed in June 2025, and this case was fully briefed on August 22, 2025.

## DISCUSSION[2]

We review a judgment of dismissal under section 583.330 for abuse of discretion. (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100.) Under this standard, " '[t]he trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*Ibid.*) Thus, while we review the trial court's order for abuse of discretion, to the extent our decision requires us to construe section 583.330, the de novo standard of review applies. (*Gaines*, at p. 1100; see *Williams v. Superior Court* (2017) 3 Cal.5th 531, 540.)

The sole question on appeal is whether the oral agreement exception in section 583.330, subdivision (b) applies to preclude mandatory dismissal of the action under section 583.360. That exception provides that "[t]he parties may extend the time within which an action must be brought to trial" by "oral agreement made in open court, *if entered in the minutes of the court or a transcript is made*." (§ 583.330, subd. (b), italics

---

[2] Randolph is admonished for citing to unpublished cases. California Rules of Court, rule 8.1115 prohibits the citation or reliance on unpublished cases except in specified circumstances, none of which are at issue here.

4

added.)  Here, there is no transcript from the March 2024 case management conference, when the trial date was set beyond the mandatory statutory deadline; only the minute order from the case management conference is included in the record on appeal.  The minute order merely shows that counsel for the parties were present at the case management conference and the trial court set the settlement conference, trial readiness conference, and jury trial dates.  That is all.  Nothing in the minute order indicates that there was an agreement to the trial date beyond the statutory deadline, as Randolph asserts.[3]  The absence of any such information in the minute order differentiates this case from *Nunn*, upon which Randolph relies.  (*Nunn v. JPMorgan Chase Bank, N.A.* (2021) 64 Cal.App.5th 346 (*Nunn*).)

In *Nunn*, the Court of Appeal had before it a settled statement[4] describing the May 16, 2019 hearing, at which the trial date was set beyond the mandatory statutory deadline, which was July 18, 2019.  (*Nunn*, *supra*, 64 Cal.App.5th at pp. 351, 356.)  The settled statement provided that the parties' attorneys were present at the hearing, and each confirmed the matter was ready for trial.  (*Id.* at p. 356.)  When the trial court suggested a trial date in November 2019, the defendants' counsel indicated the date would be too early because the defendants intended to file a motion for summary judgment and needed to take the plaintiffs' depositions before filing that motion.  (*Ibid.*)  The trial court then proposed a trial date of January 13, 2020.  (*Ibid.*)  "The lawyers both indicated to the court that they had no objection to the trial being set on January 13, 2020.  The Nunns told the court that date was alright with them.  [¶]  The court set dates for a settlement

---

[3]  For this proposition, Randolph cites to her counsel's declaration submitted in opposition to the motion to dismiss and not to the minute order itself.

[4]  As *Nunn* explained, "[t]he settled statement is an authorized substitute for a reporter's transcript of a proceeding, the purpose of which is to provide an adequate record for an appellate court to decide an issue on appeal."  (*Nunn*, *supra*, 64 Cal.App.5th at p. 362.)

conference and for a trial management conference.  The proceedings then concluded."
(*Ibid*.)

The Court of Appeal explained that the relevant facts in the settled statement showed the trial court proposed the January 2020 trial date to accommodate the interests of the defendants and the "parties did not merely acquiesce in, but affirmatively accepted, the proposed date" beyond the statutory deadline.  (*Nunn*, *supra*, 64 Cal.App.5th at pp. 356-357.)  The Court of Appeal held that the exchange between the trial court and the parties constituted an oral agreement within the meaning of section 583.330 and "[b]y explicitly agreeing to the January trial date, the parties implicitly agreed to extend the statutory period to January 13, 2020." (*Ibid*.)  In sum, the appellate court found that, "[t]aken together, [the] expressions of mutual assent constitute an agreement to extend the deadline for bringing this case to trial until January 13, 2020."  (*Id*. at p. 357.)

In contrast to the settled statement in *Nunn*, the minute order at issue here does *not* reflect any discussion regarding the trial date and, accordingly, it does not show any mutual assent to extend the statutory deadline to bring the action to trial.  *Nunn* does *not* stand "for the proposition that 'no objection' to a trial date that would be after the statutory deadlines is sufficient to create an oral stipulation," as Randolph asserts.  Cases are not authority for propositions not considered.  (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1160.)  Nothing in *Nunn* suggests that a court can negate the express condition in section 583.330, subdivision (b) that the oral agreement must be shown in the minutes of the court or in a transcript made.  And Randolph provides no other cogent legal reasoning or authority supporting that position.

We decline to create new law that when a minute order is *silent* as to any discussion relating to the trial date, a court may infer that a defendant *expressly* agreed to the new trial date, thereby entering into an oral stipulation under section 583.330, subdivision (b). (See *Boyd v. Southern Pacific R. R. Co.* (1921) 185 Cal. 344, 347 ["the mere failure of the defendant to object to setting the cause for trial" after the statutory

6

deadline "would neither constitute a consent or agreement to try the case at the time set nor amount to a misleading of the plaintiff"].) Because Randolph has failed to demonstrate error on appeal, we affirm.

DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)

/s/
BOULWARE EURIE, J.

We concur:

/s/
MAURO, P. J.

/s/
DUARTE, J.

Filed 1/15/2026

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| TERESA RANDOLPH, | C102901 |
| Plaintiff and Appellant, | (Super. Ct. No. 19CV01226) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY et al., | |
| Defendants and Respondents. | |

1

The opinion in the above-entitled matter filed on December 30, 2025, was not certified for publication in the Official Reports. For good cause it now appears the opinion should be published in the Official Reports, and it is so ordered.

FOR THE COURT:


_____/s/_____
MAURO, Acting P. J.


_____/s/_____
DUARTE, J.


_____/s/_____
BOULWARE EURIE, J.

EDITORIAL LISTING

APPEAL from a judgment of the Superior Court of Butte County, Stephen E. Benson, Judge.  Affirmed.

Thomas Dimitre for Plaintiff and Appellant.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Jerry J. Deschler, Deputy Attorney General, for Defendants and Respondents.

3